WHITNEY *v.* BOSTON & ALBANY R. Co. *et al.*

(*Circuit Court, D. Massachusetts.* December 14, 1891.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—WOOD-WORKING MACHINERY.
   Letters patent No. 259,958, granted June 20, 1882, to Baxter D. Whitney for improvements in wood-planing machines, were for a pressure-bar supported and guided by curved levers projecting from its ends, and working in curved grooves concentric with the journals of the cutter cylinder, with an elastic plate or pad, forming a supplemental flexible foot and distributive pressure regulator; the pressure-bar being arranged on the rear or incoming side of the cutter cylinder for the purpose of bearing upon the lumber, and holding it firmly to the bed-plate. *Held,* that this is infringed by a machine which has a pressure-bar with curved guides engaging with grooves formed concentrically round the journal boxes of the cutter cylinder; a yielding presser-foot consisting of an elastic plate, having a bearing surface adapted to regulate the pressure to correspond with the varying thicknesses of the wood; and the combination of a flexible pad with auxiliary support to prevent undue deflection.

2. SAME—SUIT FOR INFRINGEMENT—INTERLOCUTORY DECREE.
   Where a suit for the infringement of a patent is brought against the users of a single machine who purchased it from the manufacturers, and who have nothing to do with its construction, the interlocutory decree for plaintiff will be for an account only.

In Equity. Suit by Baxter D. Whitney against Boston & Albany Railroad Company and others for the infringement of a patent.

*David Hall Rice,* for complainant.

*Parkinson & Parkinson,* for defendants.

NELSON, J. On the 20th of June, 1882, the plaintiff, a manufacturer of wood-working machinery, took out a patent (No. 259,958) for improvements in wood-planing machines. The invention, so far as it is covered by the second and third claims of the patent,—the only claims which are in controversy in this suit,—consists of a presser-bar supported and guided by curved levers projecting from its ends, and working in

curved grooves concentric with the journals of the cutter-cylinder, with an elastic plate or pad, forming a supplemental flexible foot and distributive pressure regulator, the section of the bar being curved above and upright below. The presser-bar is arranged on the rear or incoming side of the cutter cylinder for the purpose of bearing upon the lumber and holding it firmly to the bed-plate. The defenses are want of novelty, non-infringement, anticipation, and public use and sale more than two years prior to the application.

The utility of the invention is apparent. It serves to prevent the lumber from binding, adapts itself to the inequalities of the wood, and prevents the chips from being thrown back upon the cutters, and the machine can be run with less power. The superiority of its work is shown by the exhibits in the case. The planing-machine in use in the railroad company's shop is provided with projections which, in function and effect, are practically the same as the plaintiff's levers. It has curved guides engaging with curved grooves, formed concentrically round the journal boxes of the cutter cylinder. It has a yielding presser-foot, consisting of an elastic plate, having a bearing surface adapted to regulate the pressure to correspond with the varying thickness of the wood. It has a combination of a flexible pad, with auxiliary support to prevent undue deflection. The whole construction and arrangement of the presser-bar is a manifest imitation of Whitney's device, and is a plain infringement of the second and third claims of the patent, unless the remaining defenses are good.

For the purpose of showing anticipation, the manufacturers of the infringing machine, who are the parties defending this suit, have referred to a number of patents granted prior to that of the plaintiff. It is enough to say that in none of them can be found the perfectly working combinations of the plaintiff's second and third claims. The same may be said of the machines manufactured by J. A. Fay & Co. as early as 1874. It is incredible that this valuable improvement should have been known so many years, and yet put to no practicable use until the plaintiff introduced it into his machines.

It is claimed that the device covered by the second and third claims of the patent is to be found in machines manufactured and sold by the plaintiff more than two years before the filing of his application in the patent-office. The evidence, however, proves that at this time the plaintiff was engaged in experimenting upon improvements in presser-bars, that the machines were sold under guaranties for experimental purposes, and that they all lacked the auxiliary support, which is an important element in the invention, its function being to relieve the flexible foot, and prevent its breaking when it comes in contact with inequalities in the wood. As the railroad company are the users of a single machine purchased of the manufacturers, and had nothing to do with its construction, the interlocutory decree for the plaintiff will be for an account only, and no injunction is to issue against the defendant until the further order of the court; and it is so ordered.