### B. B. HILL MFG. CO. v. STEWART.

(Circuit Court, S. D. New York. June 11, 1902.)

1. PATENTS—INFRINGEMENT—HAND STAMPS.

The Hill patent, No. 344,903, for a hand stamp, *held* valid and infringed.

2. SAME—DAMAGES RECOVERABLE.

Only nominal damages are recoverable for infringement of a patent, where it appears that for a time the owners made and sold the patented article without marking it "patented," and giving the date of the patent, as required by statute, and it is not shown that defendant was notified of infringement, and continued to infringe thereafter.

In Equity. Suit for unfair competition and for infringement of letters patent No. 344,903, issued to B. B. Hill July 6, 1886, for a hand stamp. On final hearing.

William E. Warland, for complainant.
H. A. West, for defendant.

LACOMBE, Circuit Judge. There is no evidence to show any representations by defendants that the goods they sell are of plaintiff's manufacture. They look like plaintiff's goods because both makers modeled their goods on a form shown in an earlier and expired patent (No. 228,121). To that extent the bill should be dismissed.

The invention is a narrow one, but yet patentable. Extended discussion of this branch of the case would be profitless because of the measure of relief which the facts in proof indicate must be adopted. Defendants, before suit brought, made hand stamps which were manifestly infringements of the patent in suit. Since then they have made them without the "spring tension," which is the principal feature of the patent; insisting that this later model is quite as good as the one shown in the patent. Complainant may therefore take a decree enjoining future manufacture or sales of hand stamps containing the spring tension of the patent, but excepting from its operation the later model.

It is not disputed that at one time (whether for a longer or a shorter period the evidence is conflicting) plaintiffs made and sold the patented article without marking it "patented," and giving the day and year the patent was granted. There is no satisfactory proof that defendant was duly notified of infringement, and continued after such notice to infringe. Section 4900, Rev. St. U. S. Under these circumstances, nominal damages only can be recovered for infringement.

Inasmuch as neither party has substantially prevailed, the decree will be without costs to either as against the other.