## IN RE McNEILL.

### PATENTS; PATENTABILITY.

Where it appears that the combination in a sewing machine of a trimmer and a stitch-forming mechanism is old, it is not invention to combine the trimmer with a different stitch-forming mechanism, whether new or old, no result being accomplished

which differs in kind from that formerly obtained; *following* Durham v. Seymour, 6 App. D. C. 78.

No. 188.  Patent Appeals.  Submitted May 13, 1902.  Decided June 23, 1902.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for a patent.

*Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Charles L. Sturtevant* for the appellant.

*Mr. John M. Coit* for the Commissioner of Patents.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal by Chester McNeill from the decision of the Commissioner of Patents denying an application for a patent for an improved combination in sewing-machines.

The application contains seventeen claims, sixteen of which are substantially represented by claim 1, as follows:

" 1. In a sewing-machine, in combination with stitch-forming mechanism, including devices for forming two rows of irregular stitches, the adjacent loops of which are interlocked, of a trimmer arranged in advance in the stitch-forming mechanism and in the line of the same, substantially as described."

Claim 5 was separately considered and reads as follows:

" 5. The combination, in a sewing-machine, of a suitable trimmer stitch-forming mechanism in rear of said trimmer including a plurality of eye-pointed thread-carrying devices forming parallel rows of stitches upon opposite sides of the line of feed and eye-pointed thread-carrying devices reciprocating back and forth between said opposite rows of stitches and forming intermediate interlocking rows of stitches, substantially as described."

The primary examiner, in his decision denying patentability, quotes the appellant's statement of his improvement as follows:

" The invention therefore consists primarily of a sewing-machine including stitch-forming devices for making two rows of irregular stitches, the adjacent loops of which are interlocked, and a trimmer arranged in advance of the stitch-forming mechanism and in the line of the same. Secondly, the invention consists of a trimmer for severing the edges of overlapped pieces of fabric, stitch-forming mechanism in rear of said trimmer including devices for depositing along the edge of each of the abutting pieces of fabric a row of binding-stitches, and means for interlocking the adjacent loops of said binding-stitches, whereby, in one operation, an artificial selvage is formed on the edges of the fabric, and the same are united. Thirdly, the invention consists of a plurality of obliquely-set vertically-reciprocating and laterally-vibrating needles, and means for imparting an amount of lateral movement to said needles sufficient to carry each past the working position of another in every vibration, and a trimmer located in advance of said needles and between the extremities of throw thereof."

He then adds:

" Inspection of the Woodward machine shows that every feature of each of the claims, save claim 5, in so far as the same call for stitch-forming mechanism, is found therein. The applicant has added to the said Woodward machine the ordinary trimmer in common use upon sewing-machines does not involve invention, the combination of stitch-forming mechanism and a trimmer, coöperating therewith to trim the edges of the material being stitched, being admittedly at least thirty years old.

" From another point of view, the claims call for the bare substitution in the Borton and Willcox machine for the stitch-forming mechanism shown therein of the stitch-forming mechanism shown in the Woodward machine."

The decision of the primary examiner was affirmed successively on appeal to the examiners-in-chief and the Commissioner.

Agreeing with the conclusions of the Commissioner, we shall content ourselves with quoting from his opinion, to

which nothing need be added beyond the citation of some additional authorities. He said, after reciting the patents of Nicholas (No. 168,521), Woodward (No. 466,264), Woodward & Timm (No. 480,377), and Borton & Willcox (No. 498,616):

" It is old in a sewing-machine to combine a trimmer with a stitch-forming mechanism. This combination is shown in the patent to Borton and Willcox. In this patent the trimmer is arranged in advance of the stitch-forming mechanism in the line of the seam, and said stitch-forming mechanism includes devices for forming two rows of stitches.

" The particular stitch-forming mechanism shown by appellant, and which constitutes an element in the combination of his claims, is not separately claimed by the appellant. Such a stitch-forming mechanism is shown, described, and claimed in the patent to Woodward.

" The appellant has filed affidavits, under the provisions of Rule 75, to establish a date of invention of the matter claimed prior to the date of filing of Woodward's application, which resulted in the grant of his patent, No. 466,264, on December 29, 1891. The examiner has held that these affidavits are not sufficient for the purpose. Whether they are sufficient or not is immaterial, from the view I take of this case.

" Borton and Willcox having invented the combination of a trimmer with a stitch-forming mechanism, it is not invention to combine a trimmer with another stitch-forming mechanism, whether the stitch-forming mechanism be new or old. No new result is accomplished by appellant which differs in kind from the result accomplished by Borton and Willcox. There is no special coaction between the particular stitch-forming mechanism and the trimmer. Each acts in its own way and is not affected by the other, and performs its function in the combination irrespective of the other. I think that what the appellant has done is within the province of the mechanic and does not amount to invention.

"As stated by the Supreme Court of the United States in *Hill* v. *Wooster,* 50 O. G. 560; 132 U. S. 693, 701, ' * * * it is not enough that a thing shall be new, in the

sense that in the shape or form in which it is produced it shall not have been before known, and that it shall be useful, but it must, under the Constitution and the statute, amount to an invention or discovery.' "

See also *Durham* v. *Seymour,* 6 App. D. C. 78, 103, and cases cited and reviewed therein.

There being no error in the decision of the Commissioner of Patents, it will be *affirmed; and this decision will be certified to the Commissioner as required by law.*