MOSSBERG et al. v. NUTTER et al.

(Circuit Court of Appeals, First Circuit. January 26, 1905.)

No. 537.

**1. PATENTS—CONSTRUCTION OF CLAIMS.**

The claims of a patent are to be fairly construed in the light of the specification and drawings, so as to cover, if possible, the invention, and thus save it, especially if it be a meritorious one.

[Ed. Note—For cases in point, see vol. 38, Cent. Dig. Patents, § 235.]

**2. SAME—INFRINGEMENT—BICYCLE BELLS.**

The Ericson patent, No. 491,012, for a bicycle bell, was not anticipated, and the device shown discloses patentable invention, and represents a distinct advance in the art as compared with prior bells. Claims 1 to 4 construed, and *held* infringed.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

For opinion below, see 128 Fed. 55.

Benjamin Phillips (William R. Tillinghast and Alfred H. Hildreth, on the brief), for appellants.

James E. Maynadier and George A. Rockwell, for appellees.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

COLT, Circuit Judge. This appeal relates to the Ericson patent, No. 491,012, dated January 31, 1893, for improvements in tire bicycle bells.

In this type of bicycle bell, the striking mechanism is set in operation by the contact of a friction roll with the tire of the wheel. In its normal position, the roll is held out of contact with the tire. When, however, the rider desires to ring the bell, he presses a lever or finger piece, which causes the roll to move into contact with the tire; and when this pressure is withdrawn, the roll immediately resumes its normal position.

The principal parts of the bell mechanism comprise a bracket secured to the frame of the wheel, a gong, striking mechanism,

friction roll, and a lever, disk, or plate carrying the striking mechanism and roll, and which by its movement throws the roll into and out of engagement with the wheel.

The Ericson patent is for a novel arrangement of parts for producing a more compact and effective bell. The distinguishing feature of this organization is an oscillating disk, carrying the striking mechanism and roll, centrally pivoted inside the gong on a fixed pin; the gong being also mounted on the end of this pin.

The construction of the Ericson bell is shown in the following drawings from the patent:

The specification of the patent, in so far as it is material in the present suit, may be summarized as follows: The object of the invention is to provide a simple, compact, and effective bell for bicycles, which can be readily adjusted, and which can be thrown into and out of action with ease and rapidity. The invention consists essentially in an oscillating plate or disk carrying the striker and operating mechanism; the plate or disk, by its movement, being adapted to throw its striker-operating mechanism into and out of engagement with the bicycle wheel. There is a rigid bell-supporting bracket secured to the wheel. The forward end of this bracket has a side-projecting pin, upon the outer end of which the gong is secured and held in a fixed position at all times. The plate or disk is pivoted upon this projecting pin and lies within the inner side of the gong. It thus forms a cap for the gong, but without touching it. The plate has an axial or rotary oscillating movement on the pin. Carried on the plate is the swinging striker, adapted to strike the gong. Extending through the plate in a suitable bearing is a shaft, on the outer end of which is carried the friction roll. This roll is adapted to be brought down into contact and to be raised from contact with the wheel rim. There is a spring encircling the projecting pin in such a way that it normally keeps the plate turned so that the friction roll is raised above and out of contact with the wheel rim. There is likewise a pin mounted on the plate on the opposite side from the striking mechanism. Attached to this pin is a wire which extends upwardly to a pivoted finger lever on the outer end of the handle bar. By pressing the finger lever the plate is made to turn. This carries the friction roll down into contact with the wheel rim, thereby causing the striking mechanism to operate. As soon as the finger lever is released, the plate is turned back again to its normal position by the action of the spring, whereby the friction roll is thrown out of contact with the wheel.

The foregoing drawings and description clearly disclose the Ericson conception of a bicycle bell and the way in which he embodied this conception. The fundamental idea of Ericson was to mount the whole bell structure upon a short pin at the forward end of a rigid supporting bracket secured to the wheel. In the carrying out of this idea he first mounted the gong on the outer end of this pin; the effect being that the bell-shaped sides of the gong encircled the pin. Within the gong he then mounted on the pin, with the pin acting as the pivot, an oscillating disk carrying on its inner face the striking mechanism and roll. This idea of mounting all the parts on the end of the rigid bracket, and the form of its embodiment, were new in the art. None of the numerous prior patents or devices introduced in evidence reveals any such conception of a bell structure. The more the prior art is examined, the stronger grows the conviction that the Ericson organization discloses patentable novelty and represents a distinct advance in the art as compared with prior bells.

There are only two bells in all the prior art upon which the appellants rely, either as anticipations or as limiting the scope of the

Ericson invention: The bell disclosed in the Kührt & Schilling German patent, No. 43,908, and the old Hill & Tolman bell. The Kührt & Schilling bell is far removed from the Ericson conception. We have in this German bell a comparatively long pivoted lever with an oscillating movement. The gong is secured to the lever near the pivot, and the striking mechanism is located further along on the lever and near one end, the result being that the entire striking mechanism lies outside the gong in an exposed position. This organization of parts only serves to emphasize the novelty and utility of the Ericson construction.

While the Hill & Tolman bell more closely resembles the Ericson, it lacks the dominant characteristic of the Ericson invention. In Hill & Tolman we find a long oscillating lever expanding into a circular disk or plate at one end. This disk is located at the rear of the gong and forms a cap therefor. It also carries on its inner face the striking mechanism and operating roll. In the last two features it is like the Ericson bell. But, notwithstanding this resemblance, Hill & Tolman never reached the Ericson conception of mounting the entire bell on a pin at the outer end of the rigid bracket. In place of the Ericson disk pivoted on this pin on the inner side of the gong, we have in the Hill & Tolman structure a long lever whose pivot lies several inches to the side of the gong, or the bell proper; the effect being that the whole bell moves bodily through the air with a pendulum-like swing. The Hill & Tolman oscillating lever is not the Ericson oscillating disk. In the Ericson structure the long arm of the Hill & Tolman lever has been discarded, and the lever pivot transferred to the pin within the gong. This is a substantial change and possesses patentable novelty. It is an important structural modification, producing an improved mode of operation, in that the whole bell structure no longer swings bodily through the air. Upon the comparison of the two devices it is apparent that the Hill & Tolman bell is wanting in the simplicity of construction and the efficiency in operation which characterize the Ericson bell.

The first four claims of the Ericson patent are in issue. They read as follows:

(1) In a bell for bicycles and other velocipedes, an oscillatory plate or disk mounted to turn in the rear of the gong, and complementary striking mechanism carried by said plate and adapted by the movement thereof to be thrown into and out of action by contact with and removal from the bicycle or velocipede wheel.

(2). In combination with a gong carried by the frame of a bicycle or other velocipede, an oscillatory plate or disk carrying a striker adapted to operate on said gong, mechanism carried by said plate or disk for transmitting the power of the bicycle or velocipede wheel to operate the striker, and means for turning said plate or disk to throw its power-transmitting mechanism into and out of contact with said wheel, substantially as herein described.

(3) In combination with a gong carried by the frame of a bicycle or other velocipede, an oscillatory plate or disk fitted and adapted to turn freely in the inner side of the gong and carrying a striker adapted to operate on said gong, mechanism carried by said plate or disk for transmitting the power of the bicycle or velocipede wheel to operate the striker, and means for turning said plate or disk to throw its power-transmitting mechanism into and out of contact with said wheel, substantially as herein described.

(4) A bell for bicycles and other velocipedes, consisting of a bracket secured to the fork of the machine and extending beside its wheel, a gong supported upon the outer end of the bracket, a plate or disk centrally pivoted on the outer end of the bracket and fitted and adapted to turn freely in the inner side of the gong and carrying a striker adapted to operate on said gong, mechanism carried by said plate or disk for transmitting the power of the bicycle or velocipede wheel to operate the striker, and means for turning said plate or disk to throw its power-transmitting mechanism into and out of contact with said wheel, substantially as herein described.

A considerable portion of the appellants' brief is taken up with a critical analysis of these claims. They maintain, as a result of this analysis, that claims 1 and 2, according to the ordinary import of their language, are clearly anticipated by prior bell structures, and that claims 3 and 4 should be limited to the specific form of mechanism described. The claims of a patent are to be fairly construed, so as to cover, if possible, the invention, and thus save it, especially if it be a meritorious one. In approaching a patent, we are to look primarily at the thing which the inventor conceived and described in his patent, and the claims are to be interpreted with this particular thing ever before our eyes. In confining our attention too exclusively to a critical examination of the claims, we are apt to look at them as separate and independent entities, and to lose sight of the important consideration that the real invention is to be found in the specification and drawings, and that the language of the claims is to be construed in the light of what is there shown and described.

There is much similarity in the foregoing claims of the Ericson patent, and the language is of a somewhat general character. This difference, however, may be noticed. Claim 2 is somewhat broader than claim 1, and claim 1 is somewhat broader than claims 3 and 4. Upon their face alone, it may be that claims 1 and 2 are broad enough in their terms to include the Hill & Tolman and some other prior bells. The claims, however, must be read in connection with the drawings and specification; and, so construed, we find, in each of these claims, appropriate language descriptive of the vital feature of the Ericson invention. In claim 1 we find "an oscillatory plate or disk mounted to turn in the rear of the gong"; in claim 2, "a gong carried by the frame of a bicycle" and "an oscillatory plate or disk carrying a striker adapted to operate on said gong"; in claim 3, "a gong carried by the frame of a bicycle" and "an oscillatory plate or disk fitted and adapted to turn freely in the inner side of the gong"; and in claim 4, "a gong supported upon the outer end of the bracket" and "a plate or disk centrally pivoted on the outer end of the bracket and fitted and adapted to turn freely in the inner side of the gong." These several phrases, when read with the drawings and specification, were manifestly intended to cover, and do distinctly cover by their language, the primary feature of the Ericson invention. If these terms are susceptible of a broader interpretation, they must by construction be limited to Ericson's actual invention.

Upon the question of infringement, there is no doubt that the appellants have substantially embodied, in both forms of their bell,

the essential features of the Ericson invention. Their bell is founded upon the Ericson conception of mounting the entire bell upon the outer end of the fixed bracket, thereby bringing the gong, oscillatory lever, or disk, and striking mechanism, into close proximity; the parts being so organized that the oscillatory lever carrying the striking mechanism lies practically within the inner side of the gong.

In what is called "Defendants' Bell No. 1," there exists the slight modification that the gong is not made stationary on the end of the pivot, but is pivoted with the lever, and. so rotates with it. This difference is unsubstantial. It is true that the Ericson patent contemplated a gong which was always stationary, but this was not an essential part of the invention. The Ericson bell operates equally well when the gong oscillates with the disk. Under the circumstances, this construction is manifestly the equivalent of the Ericson bell, since it contains all the vital features of the Ericson organization.

The defendants' bell No. 2 presents a somewhat different question. This bell discloses separate pivots for the gong and lever. The pivot for the lever is located a little at one side of the pivot for the gong; in other words, the two axes are not coincident. The consequence is that the gong both rotates with the lever and also has a slight bodily movement. While this is true, there is still present in that organization, in a modified form, the essence of the patented structure. Considering the merit of the Ericson invention, it is entitled to a fairly liberal application of the doctrine of equivalents. This arrangement of parallel axes, instead of axes strictly coincident, carries with it substantially the Ericson mode of operation and all the advantages of the Ericson bell. For these reasons, we must also hold that defendants' bell No. 2 comes within the proper construction of the Ericson invention and of the claims in issue.

The Ericson patent was before this court in Nutter v. Brown, 98 Fed. 892, 39 C. C. A. 332. The record in that case was not the same as the record in the case at bar, and that case also presented an essentially different question of infringement.

The decree of the Circuit Court is affirmed, with costs of this appeal to the appellees.