AMERICAN BANK PROTECTION CO. v. CITY NAT. BANK OF JOHNSON CITY, TENN.

(Circuit Court, E. D. Tennessee.    October 7, 1909.)

**1. PATENTS (§ 313*)—SUIT FOR INFRINGEMENT—DISMISSAL.**
   A court will not entertain a motion by defendant to dismiss a bill for infringement of a patent made before a hearing and based on affidavits relating to matters of fact going to the validity of the patent or the question of infringement.
   [Ed. Note.—For other cases, see Patents, Dec. Dig. § 313.*]

**2. EQUITY (§ 358*)—TAKING AND FILING PROOFS—OBJECTIONS TO EVIDENCE.**
   Testimony taken in rebuttal will not be suppressed, on motion or objection of defendant on the ground that it was not proper rebuttal testimony, after the defendant has by leave of court taken testimony in surrebuttal.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. § 748; Dec. Dig. § 358.*]

**3. PATENTS (§§ 202, 286*)—ASSIGNMENT—DATE OF PASSING TITLE.**
   An invention was assigned before application for a patent, but the assignment was not recorded, and a patent was applied for and issued in the name of the inventors, who afterward assigned it to the same assignee, together with all claims for past infringement, which assignment was recorded. *Held*, that the equitable title passed by the first assignment, and the legal title as of the date of the second assignment, and that the assignee was authorized to maintain a suit for infringement.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 454; Dec. Dig. §§ 202, 286.*
   Persons entitled to sue for infringement, see note to Snead v. Scheble, 99 C. C. A. 583.]

**4. PATENTS (§ 101*)—VALIDITY—IMPROVEMENT PATENTS.**
   It is not necessary that a patent for specific improvements on a burglar alarm system should include as an element of the combination the burglar alarm system itself.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 141; Dec. Dig. § 101.*]

**5. PATENTS (§ 167*)—CONSTRUCTION—REFERENCE TO SPECIFICATION AND DRAWINGS.**
   A patent is to be liberally construed so far as is consistent with the language used so as to sustain the just claims of the inventor, and for that purpose each claim is to be read in the light of the specification and drawings.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 243; Dec. Dig. § 167.*]

**6. PATENTS (§ 160*)—CONSTRUCTION—CORRECTION OF CLERICAL ERRORS.**
   Manifest clerical errors in the claims of a patent may be corrected by reference to the specification and drawings, especially where the claim contains the words "substantially as described," or their equivalent.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 235; Dec. Dig. ( 160.*]

**7. PATENTS (§ 328*)—INFRINGEMENT—BURGLAR ALARM GONG.**
   The Robinson & Green patent, No. 708,496, for improvements in alarm gongs for electric burglar alarm systems, construed, and *held* valid and infringed.

8. PATENTS (§ 283*)—SUIT FOR INFRINGEMENT—INJUNCTION.
    The fact that a defendant has discontinued the use of an infringing ar-
    ticle does not deprive the complainant of the right to an injunction when
    the defendant contests the validity of the patent and has not disavowed
    an intention to further infringe.
    [Ed. Note.—For other cases, see Patents, Dec. Dig. § 283.*]

In Equity. Suit by the American Bank Protection Company against
the City National Bank of Johnson City, Tennessee. Decree for com-
plainant. Memorandum opinion.

Paul & Paul and Webb & Baker, for plaintiff.
Harr & Burrow, for defendant.

SANFORD, District Judge. . 1. Defendant's preliminary motion to
dismiss the bill, in effect for want of title to the patent in suit, must
be denied.

This motion denies complainant's right to the relief sought, partly on
account of matters shown in the proof, and partly on account of mat-
ters shown by affidavit. The defense goes to the merits and cannot,
in my opinion, be made by motion based on affidavits, but presents an
issue of fact to be determined, on the merits, under the pleadings and
proof in the case as any of the other issues in the case. This is not a
case where the bill may be dismissed on motion under the doctrine of
Mast, Foos & Co. v. Manufacturing Co., 117 U. S. 487, 20 Sup. Ct.
708, 44 L. Ed. 856, but falls, at least by analogy, within the rule laid
down in Snow v. Sargent (C. C.) 106 Fed. 230, that a Circuit Court
will not entertain a motion by defendant to dismiss a bill for infringe-
ment filed before a hearing and based on affidavits relating to matters
of fact going to the validity of the patent or the question of infringe-
ment.

2. The defendant's motion to suppress the testimony of complain-
ant's witnesses Mountford, Houghton, and Carter, and its objections
thereto on the ground that the same were not proper rebuttal testimo-
ny, must likewise be overruled.

While it may be that a large part of this testimony was properly
proof in chief, yet, after same had been taken, the defendant did not
move to suppress this testimony on that ground, but, on the contrary,
applied to the court for leave to take proof in surrebuttal, which was
granted by Judge Clark. Since such testimony has been taken by de-
fendant, I am of opinion that it is now too late to move to suppress the
complainant's testimony or to object to same on the ground that it
was not properly taken in chief, and that the court should not, in the
exercise of its discretion, at this stage of the case, sustain the motion
to exclude, or the objection to the testimony.

3. After careful consideration, I have reached the following conclu-
sions as to the merits of the case:

(1) The complainant has proven title to the Robinson & Green let-
ters patent, No. 708,496, in controversy in this cause. The complain-
ant in the original bill is clearly the corporation styled "American
Bank Protection Company"; the word "the" being no part of its

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

name, as shown by the caption of the bill and the signature of the complainant thereto, and this word, while used as an introduction to the first paragraph of the bill, being obviously merely the definite article grammatically required to begin the sentence and not alleged as part of the corporate name.

The complainant was incorporated on November 5, 1901. On November 9, 1901, Robinson & Green assigned their invention to this complainant by written assignment acknowledged the same day, but not recorded in the Patent Office until August 6, 1906. The patent was applied for on November 26, 1901, and issued to Robinson & Green on September 2, 1902. On July 2, 1906, Robinson & Green assigned and transferred to the complainant all their right and title to the invention and letters patent, and "in and to all claims for the past use and infringement of said letters patent to the full end of the term for which said letters patent was granted." This assignment was acknowledged by Robinson on July 10, 1906, and by Green on July 20, 1906, the same day the bill was filed, and recorded in the Patent Office on August 6, 1906.

I am of opinion on these facts that the assignment of November 9, 1901, operated to convey the equitable interest in the invention to the complainant, but that on the issuance of the patent in 1902 the legal title thereto was vested in the patentees; that the assignment of July 2, 1906, conveyed the legal title in the patent to the complainant with a specific assignment of all claims for prior infringement, all claims for subsequent infringement passing necessarily by the assignment of the legal title in the patent; that the certificate of acknowledgment is, under Rev. St. § 4898, as amended by Act March 3, 1897, c. 391, 29 Stat. 692 (U. S. Comp. St. 1901, p. 3387), prima facie evidence of the execution of the assignment on the date the assignment bears date; and that the assignment of July 2, 1906, took effect from the date of its execution on July 6, 1906 (Murray Co. v. Gin Co., 149 Fed. 989, 79 C. C. A. 499 [C. C. A., Third Circuit], and cases cited), vesting the legal as well as the equitable title in complainant prior to the bringing of this suit.

There is, furthermore, no evidence that complainant has ever transferred its title to another corporation by the name of "The American Bank Protection Company"; the affidavits offered by complainant not being competent as evidence on this point, and furthermore not establishing such transfer as an accomplished fact, as distinguished from a mere intention of future transfer.

(2) I am of the opinion that the subject-matter of the invention does not relate merely to an alarm gong mechanism adapted in itself to operate as a complete burglar alarm or protective system—for which purpose it would have no patentable utility—but that it relates to improvements in alarm gongs for electric burglar alarm systems adapted to application to safes, vaults, and other receptacles or apartments for the storage of money and other valuable articles, by a combination of devices for protecting the gong of such burglar alarm system; that, while it does not relate to any of the other parts of the system than the gong and its protective devices, it is intended to be used in connection therewith; that it is directed towards the means by which the

alarm gong of such a system of vault protection is itself protected from injury or interference, and specifically contemplates the alarm gong of such a system upon the outer wall of such vault or receptacle, connected with an electrical circuit-closing device, with a specially constructed protective shield arranged over the alarm gong and electrically connected with such circuit-closing device and bolted to the outside of the vault or receptacle in such a manner that an attempt to disturb or raise the shield will result in a movement of its mechanical fastening by which the circuit will be closed and the alarm sounded, with the additional features of constructing such supporting bolt for the shield in the form of a tube serving as a conduit for the connecting wires leading from the electric gong to the interior installation, and of connecting the shield and alarm gong to opposite sides of the circuit, so that the introduction of a wire through the perforations of the shield for the purpose of disabling the gong will result in a closing of the circuit and the sounding of the alarm.

(3) In considering the several claims contained in the letters patent, I am of opinion that as the patent is, in its entirety, limited to specific improvements of certain parts of the burglar alarm system, to wit, the gong and its protecting device, it was not necessary that the claims should include as an element of the combination the burglar alarm system itself (Goshen Sweeper Co. v. Bissell, 72 Fed. 67, 73, 19 C. C. A. 13 [C. C. A., Sixth Circuit]), and that the specifications sufficiently point out the connection with the general burglar alarm system through the conductors 27 and 28 extended to any suitable circuit-closing devices arranged to be operated when an attempt is made to open the vault or apartment.

It is furthermore settled that a patent is to be liberally construed, so far as is consistent with the language used, so as to sustain the just claims of the inventors (Rubber Co. v. Goodyear Co., 9 Wall. 788, 19 L. Ed. 566; Klein v. Russell, 19 Wall. 433, 22 L. Ed. 116), and that for such purpose each claim of the patent is not to be construed as though it was complete in itself, separate and apart from the specifications, but that the claims of the patent are to be read in the light of the specifications and drawings which accompany them, for the purpose of arriving at their just construction, although not to vary or change them; especially where the claims themselves contain the words "substantially as described," or "substantially as set forth," or equivalent phrases, which import into the claims the particulars of the specifications and carry into the claims the description of the specifications. Seymour v. Osborne, 11 Wall. 516, 20 L. Ed. 33; Corn Planter Patent, 23 Wall. 181, 218, 23 L. Ed. 161; Westinghouse v. Brake Co., 170 U. S. 537, 558, 18 Sup. Ct. 707, 42 L. Ed. 1136; Stilwell-Bierce Co. v. Cotton Oil Co., 117 Fed. 410, 54 C. C. A. 584 (C. C. A., Sixth Circuit); Sanders v. Hancock, 128 Fed. 424, 63 C. C. A. 166 (C. C. A., Sixth Circuit); Maunula v. Sunell (C. C.) 155 Fed. 535, 542; Anderson v. Collins, 122 Fed. 451, 458, 58 C. C. A. 669 (C. C. A., Eighth Circuit); Mossberg v. Nutter, 135 Fed. 95, 99, 68 C. C. A. 257. In Mossberg v. Nutter, supra, the court said:

"In confining our attention too exclusively to a critical examination of the claims, we are apt to look too closely at the claims and to lose sight of the

important consideration that the real invention is to be found in the speci-
fications and drawings, and that the language of the claims is to be construed
in the light of what is there shown and described."

Furthermore, manifest clerical errors in the claims may be corrected
by reference to the specifications and drawings, especially where the
claim is for an invention "substantially as described." Maunula v.
Sunell (C. C.) 155 Fed. 535, 542.

Applying these principles to the 13 claims of the patent in question,
I am of opinion that these claims, when properly construed in the light
of the specifications and drawings, cover the protective features of an
alarm gong in a burglar·alarm system placed upon the outside wall of
a vault or apartment to be protected, by a protecting device operat-
ing through electrical connections with suitable circuit-closing devices
inside of the vault or apartment; that the claims relate only to the
protective features of such alarm gong used in connection with such
general burglar alarm system; that the words used in the several
claims "located outside of the vault," and other similar phrases, when
construed in connection with the specifications and designs, all refer
to the location of the gong on the outside wall of the vault or apart-
ment to be protected and have the same force and meaning; that the
word "outside," as used in line 85, in the phrase "upon the outside of
the wall," is a manifest clerical error, when construed in connection
with the specifications and drawings, for the word "inside," and may
be corrected accordingly; that, construing the sixth claim in connec-
tion with the specifications and drawings, the words "said collar," as
used in line 110, in the phrase "to said collar and said sleeve," refers
to the washer 9 shown on the drawings, and that the word "sleeve," as
used in said phrase, refers to the collar 12 shown on the drawings;
that, thus construed, all the claims contained in said letters patent re--
late to protective features of an alarm gong located on the outside
wall of the vault or apartment to be protected and connected with
electrical circuit-closing devices in the interior of the vault or re-
ceptacle; that each of the several claims so construed involves a com-
bination of elements which has produced a new and beneficial result
never known before, rendering the alarm gong of the burglar alarm
system, when thus connected and located, suitable and serviceable for
a purpose for which it was never known or used; that the arrange-
ment of elements in this combination involved the exercise of inven-
tion as distinguished for mere mechanical skill; that each of the claims
discloses a patentable invention; and that the patentable invention con-
tained in the several claims constituted a new and useful improvement
in the alarm gong of an electrical burglar alarm system which is not
anticipated by any of the prior patents relied upon by defendants, none
of which in my opinion, for the reasons generally stated in the deposi-
tion of complainant's expert witness Carter, involved the essential
idea of the location and protection of the alarm gong of a burglar
alarm system, in the manner referred to by these claims, or were
adapted to or actually used for the performance of the functions of
this patent, and hence do not constitute anticipations thereof.

(4) I am further of opinion that the proof shows that the appliance
in use in the defendant's premises, prior to this suit, constituted an in-

fringement of the Robinson & Green patent in the use of the improvements in the alarm gong of the electrical burglar alarm system installed in their premises, which infringed upon the claims of the Robinson & Green patent, and that, although it appears that the defendant has discontinued for a time the use of the devices protected by the patent, yet as defendant in its answer denied the validity of the complainant's patent, and did not expressly deny its purpose to continue or renew the use of this device, the complainant, under the doctrine of Johnson v. Foos Mfg. Co., 141 Fed. 73, 72 C. C. A. 105 (C. C. A., Sixth Circuit), is entitled to an injunction. See, also, Walker on Patents (4th Ed.) § 701. On this point I am unable to follow the doctrine of Whitney v. Railway Co. (C. C.) 48 Fed. 444, in drawing a distinction between an injunction against the manufacturer of an infringing article and an injunction against the continued use of an infringing article by the vendee of such article.

(5) I am further of opinion that the complainant is entitled to an accounting for damages by reason of the infringement. I do not deem it necessary at this time to pass upon the question of the sufficiency of notice of infringement or the marking of the patented article, as these matters, as I view it, bear solely upon the measure of damages and may more properly be considered upon the coming in of the master's report on the order of reference. Horn v. Bergner (C. C.) 68 Fed. 428, affirmed by the Circuit Court of Appeals, Fourth Circuit, 72 Fed. 687, 18 C. C. A. 679; Hill Mfg. Co. v. Stewart (C. C.) 116 Fed. 927. See, also, Lorain Steel Co. v. Switch & Crossing Co. (C. C.) 153 Fed. 205, and Westinghouse Co. v. Electrical Mfg. Co. (C. C.) 159 Fed. 154.

A decree will be entered in accordance with this opinion, sustaining the complainant's bill, granting an injunction against the further use of the infringing device, and ordering a reference to a master for an accounting of damages.