## In re KAMRATH.

### Patent Appeal No. 3173.

Court of Customs and Patent Appeals.
Dec. 30, 1933.

Arthur W. Davidson, of Washington, D. C. (John A. Sbarbaro, of Chicago, Ill., and Alexander F. Baillio, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This appeal brings before us for review a decision of the Board of Appeals of the United States Patent Office affirming the action of the examiner in rejecting all the claims of an application for patent, entitled "Improvement in Ventilating Apparatus for Dynamo-electric Machines."

The application embraces ten claims, of which Nos. 17, 32, and 35, respectively, appear to be fairly representative:

"(17) The combination, with an electric machine which includes a casing provided with air intake and air discharge openings and a rotatable shaft within the casing and projecting therethrough at one end, of a housing secured to the casing surrounding the air intake openings and concentric with and surrounding a portion of the projecting end of the shaft, a dust discharge opening in a side wall of the housing, and a squirrel-cage type fan within the housing and secured to the projecting end of the shaft."

"(32) In a combined air cleaner and blower, a rotatable shaft, a housing surrounding a portion of the shaft and having in one end thereof a reduced air discharge opening and a collar surrounding the opening and projecting into the housing, means on the shaft within the housing to cause air to travel through the housing in a helical path, and a dirt discharge opening in a side wall of the housing."

"(35) The combination, with an electric machine which includes a rotor, a stator, and a casing enclosing the rotor and stator, of means associated with the rotor to effect an inertia separation of foreign matter from air and to circulate the cleaned air over the machine so as to cool the working parts thereof."

The examiner cited six references, but some of these apparently were cited to claims which were not appealed to the Board of Appeals, and the board itself rejects one of the others as not being an applicable reference upon claim 32, supra. The board's reliance is upon only the following, and these are all that are proper to be considered by us:

McCullough, 919,203, April 20, 1909.
Safford, 1,316,745, September 23, 1919.
Randle, 1,484,962, February 26, 1924.

As will be seen from an analysis of certain of the claims, the application is for patent upon a combination of a dynamo-electric machine, with means which perform two functions, viz., (a) effects an inertia separation of foreign matter from air, and (b) circulates the air thus cleaned over the machine for the purpose of cooling the machine's working parts.

Different forms of combination are disclosed in the drawings, one of which forms (apparently fairly illustrative of the principle of all) discloses an electric motor (dynamo-electric machine) having a shaft which projects from said motor on both sides thereof, and a casing, said casing equipped with openings through which air may enter. Enclosing these openings and coaxial with and

surrounding one projecting end of the shaft is a cylindrical housing, secured at one end to the aforementioned casing through a flange by means of screws, the cylindrical housing being open to the atmosphere at its opposite end. Within the housing adjacent the aforementioned casing is a circular plate circumferentially secured to the side wall of the housing. This plate has a large central opening for air discharge, and a circumferential flange or collar, distant from the casing, which collar surrounds the air-discharge opening, being coaxial with the shaft first alluded to, which shaft it also surrounds, being spaced therefrom, and this collar projects into the housing. A fan, or blower, is located within the housing adjacent the outer end of the shaft. Below the flange or collar, in the lower side of the housing, there is what is designated a tangential dirt discharge opening. Other features are shown which are not here involved, and so need not be recited.

The patent to McCullough discloses a dynamo ventilator in which the dynamo has a shaft upon which shaft is mounted a ventilating fan that forces air from an inlet pipe through openings provided therefor; the air being strained through a gauze strainer, before it reaches the fan that circulates it over the dynamo.

Randle discloses a motor in casings, supplied with air by a fan driven from the armature shaft; the air being taken from outside the building through a pipe, which pipe is provided with a strainer and a dust collector, both of which latter elements perform their respective functions before the air reaches the fan to be impelled over the motor.

The patent to Safford relates to an apparatus for removing paint fumes. There is disclosed therein a rotatable shaft fixed in a housing, designated in Safford's specification as a "pipe," which has at one end a reduced air discharge opening. At the point of the pipe where the reduced opening begins, the drawing shows a line, or lines, which the Board of Appeals held to indicate a collar, or the equivalent of appellant's collar, projecting into the pipe. No reference character marks this feature, nor is there any reference to it in the specification or claims of the patent, and it constitutes one of the points of dispute in the contentions over claim 32, supra. There is a fan within the pipe, which fan is on a shaft. This fan is so arranged as that in operation it drives the air through the pipe in a helical path. A discharge opening is located in the side wall of the pipe through

which the paint particles that accumulate in the enlarged part thereof may be withdrawn. This opening is referred to in the Safford specification as an "outlet," and the drawing indicates that it has a cover. It does not seem to be included as an element in either of Safford's claims.

The rejection of claim 32 was based by the Board of Appeals upon the patent to Safford, another reference cited by the examiner being overruled by the board. All the others were rejected, upon the authority of In re McNeil, 20 App. D. C. 294, 1902 C. D. 563, as being drawn to an exhausted combination; it being held that the patents to Randle and McCullough disclosed a combination of a dynamo-electric machine with a blower and air cleaner, and it being said that if appellant has made a patentable contribution to the art, such contribution lies in the specific construction of his combined cleaner and blower per se, and not in the combination of same with an electric machine.

The features of claim No. 32, supra, particularly stressed by appellant as presenting patentable matter, are (1) the collar which surrounds the air discharge opening and projects into the housing, and (2) the dirt discharge opening in the side wall of the housing.

We are not impressed with the soundness of appellant's contentions relative to the "dirt discharge opening."

It is true that Safford's opening is to provide means through which paint particles may be withdrawn, and that it appears to have a cover which must be taken off in order to permit such withdrawal, while appellant's opening is normally uncovered and dirt or dust is driven therethrough by the operation of the fan; but, after all, the actual element involved is the opening, and, as the brief of the Solicitor for the Patent Office says: "As a matter of fact, an opening is an opening, and the structure of the element containing the opening is not made different by naming the material supposed to flow thru the opening."

Claim 32 contains no structural limitations relating to the dirt discharge opening which distinguish it from Safford's opening in any patentable sense that we can discern.

We are unable, however, so readily to agree with the Board of Appeals with respect to the "collar" feature of the claim.

Appellant designates this feature by a reference numeral in his drawings, refers specifically to it in his specification, and specifies it in the claim, while, as has been

stated, Safford nowhere makes any reference to the element which the tribunals of the Patent Office held to be disclosed in his drawings and to be the equivalent of appellant's collar "surrounding the [air discharge] opening and projecting into the housing."

From an examination of the Safford drawings upon which sole reliance for anticipation must be placed, we are by no means convinced that the showing as to this element is of a collar, or the equivalent of a collar, surrounding the air-discharge opening and projecting into the housing. The lines as shown in the drawing said to designate the collar rather seem to us to be parts of the lines indicating the casing of Safford's enclosing pipe. There is apparently an extension of them into, or perhaps they, in part, surround, the *dirt* discharge opening, but it is not at all clear to us that they surround the *air* discharge opening, and, in any event, they do not seem to us to project into the pipe or housing in any such manner as does the collar of appellant.

We may say that we do not regard the case of In re Daniel, 34 F. (2d) 995, 17 C. C. P. A. 605, cited by appellant upon the question of alleged accidental showing, to be in point here, but neither do we regard the case of In re Bager et al., 47 F. (2d) 951, 18 C. C. P. A. 1094, cited by the Solicitor for the Patent Office, as controlling.

A careful reading of the opinion will disclose that the Daniel Case, supra, was in no wise parallel with this, and in the Bager Case, supra, as the opinion therein fully discloses, the anticipatory element was found to be clearly and definitely shown in the drawings.

▆ Appellant is entitled to have any doubt resolved in his favor, and, applying this well-known rule, we are of opinion that claim 32, because of its "collar" feature, should be allowed.

The distinctive difference which appellant urges exists between his other appealed claims (some of them in particular) and the McCullough and Randle patents seems to be summed up in the contention that in the patents the dynamo-electric machine functions as an element of only the *air impelling* mechanism, while in the application, in addition to functioning in this wise, it also functions as an element of the *air cleaning* mechanism; in other words, that appellant has a combination in which "there is a cooperative relation between the air impelling and the air cleaning functions which is absent in McCullough's and Randle's apparatus."

A careful study of the patents cited leads us to the conclusion that this contention is sound and that such of his claims as are limited to this should be allowed.

The only air cleaning elements, so far as we can discern, present in the patents are, respectively, the gauze strainer of McCullough and the strainer and dust collector of Randle. As has been pointed out in the descriptions of these patents, supra, the stated elements function in both before the air reaches the fans to be further impelled over the dynamos. Appellant has eliminated these features and, by his arrangement or combination of elements (which combination, to our minds, differs materially from the combinations of the respective elements of the respective patents), has attained a new result, or at least has attained a desired result in a new and novel manner.

It is, we think, entirely obvious that appellant's combination could not be produced by any structural consolidation of elements present in McCullough and Randle. In appellant's device the cleaning of the air, as well as its circulation after being cleaned, is wholly dependent upon the operation of the motor, which, in turn, operates the fan, while in the patents the cleaning feature elements (gauze strainer and strainer and dust collector, respectively) are in no wise dependent upon the operation of either dynamo or fan insofar as actual *cleaning* of the air is concerned. The air which passes through the cleaning elements of the patents is cleaned, no matter whether it is drawn into them by the suction of their respective fans, or passes into them naturally and as the result of other causes.

We are unable, therefore, to agree with the Board of Appeals that all of appellant's claims are drawn to an exhausted combination, and that the doctrine of In re McNeil, supra, applies to all of them, nor is there anything in the case of In re Germantown Trust Co., 57 F. (2d) 365, 19 C. C. P. A. 1140, cited by the Solicitor for the Patent Office, which controls this case.

Cases in which there are found expressions regarded by us as pertinent to the issues here are Luten v. Kansas City Bridge Co. (C. C. A.) 285 F. 840; Eclipse Machine Co. et al. Harley-Davidson Motor Co. et al. (C. C. A.) 252 F. 805; Sanders v. Hancock (C. C. A.) 128 F. 424; Stilwell-Bierce & Smith-Vaile Co. v. Eufaula Cotton Oil Co. et al. (C. C. A.) 117 F. 410, with their included citations.

The decision of the Board of Appeals is reversed.

Reversed.