## STANDARD OIL Co. *v.* SOUTHERN PAC. Co. *et al.*

(*Circuit Court, N. D. California.* March 31, 1890.)

1. PATENTS FOR INVENTIONS — PATENTABILITY — AGGREGATION — IMPROVEMENT IN OIL-CARS.

     Letters patent No. 216,506, granted to M. Campbell Brown on June 17, 1879, for an improvement in oil-cars, consisting in the division of the car-space into two or more compartments, each end compartment containing an oil-tank, the partitions between all the compartments being removable, and readily adjustable, are not void as being a mere aggregation of devices, since they obviate the necessity of hauling back empty tank-cars, thereby cheapening transportation.

2. SAME — ACTION FOR INFRINGEMENT — PRACTICE.

     Where the question of the validity of a patent is doubtful, a demurrer to a bill for its infringement will be overruled, and the question reserved for further consideration on final hearing.

In Equity. On demurrer to bill.

This suit was brought by the Standard Oil Company against the Southern Pacific Company and Whittier, Fuller & Co., to restrain the infringement of letters patent No. 216,506, issued to M. Campbell Brown on

June 17, 1889, for an improvement in oil-cars. In the specification it was said:

"My invention relates to cars, and especially to that class of cars designed for transporting merchandise and oil or other liquids; and it consists in the parts and combination of parts hereinafter described and claimed, whereby oil or other liquids may be safely transported in the same car with miscellaneous merchandise. The object, as briefly above stated, of my device is to produce an improved form of car for the transportation of oils and liquids in bulk, which shall also be adapted for the transportation of ordinary merchandise on roads where a load of oil or liquid cannot be obtained on return trip, thus obviating the necessity of hauling empty tank-cars over long distances, as is now commonly done; and to this end the construction of the ordinary freight-car is modified as follows: The car-space is divided into two or more compartments, but for the purpose of the present specification, we will suppose it to be divided into three. The central compartment would embrace about two-thirds of the entire length of the car, and is designed and adapted for ordinary storage, and for this purpose may be constructed in any proper manner. The two end compartments occupy each about one-sixth of the entire length of the car, are located in the ends thereof over the trucks, and are designed and constructed to contain metallic tanks, which tanks are adapted for safely containing and transporting oil or other liquid."

It further appeared from the specification that partitions were provided between the compartments, extending from floor to roof, which were made removable and readily adjustable: that the floor of the central compartment was made level, while that of each end compartment was made slanting so as to afford reliable drainage: that the bottoms of the oil-tanks were made inclining, so as to fit on the bottoms of their compartments, and from the lowest point of each was a discharge-pipe: a filling-in opening was provided at the highest point on the top of the tank, which was also made on an incline, and this opening was made to register with an opening in the car-top. The claim of the patent was as follows:

"A car subdivided into two or more compartments, each end compartment containing an oil-tank, said tank constructed with an inclined or self-draining bottom and resting upon a floor formed in counterpart thereto, said tank also having a tapering or inclined top, with a filling opening placed at or near its highest point and in line with a filling opening in the car-top, and there being a removable partition separating said tank from the next adjacent compartment, all combined substantially as set forth."

*Langhorne & Miller* and *Pillsbury & Blanding*, for complainant.
*Frank Shay*, for defendant Southern Pacific Co.
*John L. Boone*, for defendants Whittier, Fuller & Co.
Before SAWYER, Circuit Judge.

SAWYER, J., (*orally.*) I have looked over the question in this case. The main proposition raised on demurrer is, whether this patent presents a case of a mere aggregation of devices instead of a combination, which would produce some common result. It lies very nearly on the border line under the various rulings of the supreme court. I am not prepared to say that there is not something more than an aggregation, at all events upon demurrer. It is true that the carrying of oil one way

does not co-operate directly with the performance of carrying merchandise the other way. But do not the two co-operate directly in the performance of carrying merchandise both ways? Do not the two co-operate to produce a common result, that is a reduction of the cost of the transportation of oils by successive acts performed in different parts of the service? The result attained is a carriage at a much less cost. It saves the dead loss of hauling empty cars one way. In many combinations, each single operation by itself is not affected by the following or subsequent operations, but they all constitute one continuous operation and end in a common result. Is not that the nature of this case? One way oils are carried by these compartment cars, arranged expressly for the purpose of carrying oil, and then on the return voyage they carry other merchandise, in the intermediate compartments combined with the others, instead of hauling back empty cars. Each carriage, considered by itself, is a separate performance, but what is the result? The result is a much cheaper transportation of the oil. Is not that a common result? And does not each carriage, though performed by itself, co-operate to produce that common result? As I said before, it lies very nearly on the border line of these cases which the supreme court have held to be a mere aggregation. In illustrating that very point the supreme court in one case said, speaking of the effect of a watch-stem operating, also, as a key to wind the watch, which performed the office of holding and carrying the watch, and also, the office of winding the watch, in distinguishing this from aggregation, the court says:

"The office of the stem is to hold the watch or hang the chain to the watch; the office of the key is to wind it. When the stem is made the key, the joint duty of holding the chain and winding the watch is performed by the same instrument, a double effect is produced, or a double duty performed by the combined result. In these and numerous like cases the parts so co-operate in producing the final effect, sometimes simultaneously, sometimes successively. The result comes from the combined effect of the parts, not simply from the separate action of each, and is, therefore, patentable."

Now, here, with these cars—they carry oil one way, and carry merchandise the other way. They are successive operations, but they operate to cheapen the transportation, and in this sense does it not come within the illustration of the watch-key? It saves the operation of hauling the empty car one way at an expense without any contributory compensation. I am not prepared to say at present on demurrer that the arrangement does not contribute to the common result of cheapening transportation and am not prepared to say that the arrangement is not patentable. I shall therefore overrule the demurrer, and reserve the question for further consideration if counsel desire, when the testimony all comes in, and I have the full case before me.

*Mr. Boone.* Does your honor take into consideration the fact that the result was not new?

*The Court.* Yes. I do not know but that it is new. If the result is the cheapening of transportation of oils, that result must be new.

How can it cheapen if it does not do something which had not been done before? But, as I said before, I shall reserve it for further consideration. If the same oil could never have been carried before at so low a price the result was, necessarily new. I do not know but what the result is new with reference to the transportation of oil.

*Mr. Boone.* I think the patent itself says no, that it is not new.

*The Court.* If it cheapens it must do something not done before. A contrary view would involve a contradiction of terms. I shall at all events, overrule the demurrer. Should counsel desire to further present the question, I will consider it on the further hearing. As I said before, it lies very near the line between an aggregation, and invention as illustrated by the decisions of the supreme court, and it is not very easy to determine on which side it falls.