BRICKILL et al. v. CITY OF HARTFORD et al.

(Circuit Court, D. Connecticut. July 3, 1893.)

1. PATENTS FOR INVENTIONS—ACTION AT LAW FOR INFRINGEMENT—PLEADING.
    In an action at law for infringement of a patent, defendants, although they plead the general issue, may also maintain a special plea, that the combination covered by the patent was not an invention, and also a further plea, that the combination covered by the patent required for its production nothing but mechanical skill, in view of the prior state of the art.

2. SAME.
    In an action at law for infringement of a patent, defenses which have been raised by demurrer to the complaint, and overruled, cannot be made part of the answer without leave of court.

3. SAME.
    But in Connecticut the court will allow such defenses to be set up by plea for the purpose of saving a right to review on writ of error to the circuit court of appeals; it being uncertain whether, under the Code pleading, an assignment of error in the ruling on the demurrer is sufficient to secure such right, when the demurrant does not allow final judgment to go against him upon it.

4. SAME.
    A plea alleging want of novelty because the alleged invention had been previously patented, on specified dates, to other parties, is insufficient, for Rev. St. § 4920, requires an allegation that the invention had been patented, or described in some printed publication, before the time of the supposed invention.

At Law. Action by William A. Brickill and others against the city of Hartford and others for infringement of a patent. A demurrer to the complaint was heretofore overruled. 49 Fed. Rep. 372. The case is now heard on motions to strike out certain pleas, and on demurrer to other pleas.

Raphael J. Moses, Jr., and Talcott H. Russell, for plaintiffs.
T. E. Steele and Albert H. Walker, for defendants.

TOWNSEND, District Judge. The questions herein are presented upon a motion to strike out the second and fourth pleas, and a demurrer to the third, fifth, sixth, seventh, and ninth pleas, of defendants, in an action at law to recover damages for the alleged infringement of letters patent No. 81,132, granted August 18, 1868, to William A. Brickill, for an improvement in feed-water heaters for steam fire engines. The defendants move to require plaintiffs to reply to the eighth plea, and such other pleas as the

court may permit to remain of record. The demurrer to the complaint, which embraced some of the matters stated in these pleas, was overruled by Judge Shipman, (49 Fed. Rep. 372.)

The first plea is the general issue. The second plea alleges that the combination covered by the letters patent was not an invention when it was produced by the patentee. The plaintiffs claim that this plea is surplusage, as it is embraced within the general issue. Undoubtedly, want of invention appearing on the face of the patent may be taken advantage of under the general issue without notice, or under any other plea, or without any plea. Hendy v. Iron Works, 127 U. S. 370, 8 Sup. Ct. Rep. 1275; Dunbar v. Myers, 94 U. S. 187; Brown v. Piper, 91 U. S. 44; Slawson v. Railroad Co., 107 U. S. 649, 2 Sup. Ct. Rep. 663. But defendants claim that the defense of want of invention, disclosed by evidence as to the prior state of the art, where the combinations constituting such prior art are not the same combination as that described in the patent, and do not anticipate it, must be separately pleaded. Walk. Pat. §§ 446, 599. The circuit court of appeals, in Packing Co. v. Cassidy, 53 Fed. Rep. 259, has decided that the want of invention, considering the prior state of the art, is matter of defense, and may be raised without notice. Robinson on Patents, (section 992,) says:

"While the general issue is permitted in the foregoing cases, it is not incumbent on the defendant to employ it. He may plead specially any or all of his defenses, except that which denies his performance of the infringing act; and this is always his proper course, when he desires to tender a specific issue, to be simply traversed by the plaintiffs."

The same matter cannot be presented both in a special plea, and by a notice under the general issue. 3 Rob. Pat. § 992. Matter which might be made the subject of notice under the general issue may be pleaded specially. Evans v. Eaton, 3 Wheat. 503; Cottier v. Stimson, 20 Fed. Rep. 906; Curt. Pat. p. 357; Cottier v. Stimson, 18 Fed. Rep. 689. I do not see that allowing the second plea to stand does the plaintiffs any material injury, and the defendants insist that without it an important defense would be closed against them.

The third plea alleges that the patent is void because the contrivance is nothing but the combination of old devices, without producing any new mode of operation, and states the prior art which is relied on to support this claim. The plaintiffs contend that this is merely an allegation, in another form, that the combination claimed by the patent is a mere aggregation, and not a combination, and that, therefore, this defense was disposed of by the opinion of Judge Shipman on the demurrer to the complaint. It seems to me that this defense could not have been disposed of on demurrer, because it depends upon proof, not only that the devices composing the combination are old, but also that there is no new mode of operation. The defendants do not here claim an aggregation, but they claim that the combination is not patentable because, its component devices being old, their combined operation is also old.

The fourth plea alleges that the combination covered by the patent required nothing but mechanical skill for its production, in view of the prior state of the art. This seems to be equivalent to the second plea, with the addition of the special matter concerning the state of the art on which defendants rely. It is not included in the 27 defenses enumerated in Walk. Pat. § 440. Defendants' counsel claims that on the trial he can introduce any evidence he pleases of the prior state of the art, to show that, in view of the state of the art, there was no invention. Whether this can be done without notice of the particulars intended to be proved, must be decided on the trial. The object of this plea seems to be to guard against an adverse decision as to the admission of evidence. The suggestions made concerning the second plea apply to the fourth plea.

The fifth and sixth pleas allege that the patent is void because it is for a mere aggregation, and does not particularly point out, and distinctly claim, the part, improvement, or combination claimed by the patentee as his invention. The ninth plea sets up the statute of limitations of the state of Connecticut as a bar to a part of the plaintiffs' claim. Each of these points was raised by the demurrer to the complaint, and overruled by Judge Shipman. They should not be made a part of the answer without leave of court. McClintick v. Johnston, 1 McLean, 414. But the defendants wish to set up these defenses in their plea in order to secure their right to have them passed upon by the circuit court of appeals. It is not certain that such right could be secured by an assignment of error based upon the overruling of said demurrer. The general rule is that, if the demurrant wishes to take advantage of such claim of error, he must let final judgment be entered upon it, for, if he answers after such ruling, he waives any objection to it, except for radical defects. Bliss, Code Pl. § 417. How far this rule prevails, under the practice in this state, is not settled. The policy of the practice act requires that all objections to the complaint should be taken by demurrer, so that all preliminary matters may be reached by preliminary objections, and disposed of before the trial on the merits. Trowbridge v. True, 52 Conn. 197; Merwin v. Richardson, Id. 233; Donaghue v. Gaffy, 53 Conn. 52, 2 Atl. Rep. 397. But the danger and inconvenience attendant upon a final judgment on such demurrer have led to various expedients for preserving all such rights until the appeal after final hearing. Under these circumstances, I think I ought to treat these pleas as filed upon allowance of a motion for leave so to do, especially as plaintiffs demurred to them before making any motion to strike out. Defendants desire that they be allowed to stand, and be overruled upon the trial, but, plaintiffs having demurred to them, they are entitled to have their demurrer decided.

The reasoning of Judge Shipman in the overruling of the demurrers, with which I fully concur, shows that these pleas are demurrable, and I sustain the demurrers on the ground that the

pleas are insufficient. Defendants will not be required to file any further pleading thereto, and I think, by sustaining the demurrers to these pleas because of their insufficiency, all the rights of the defendants on appeal will be saved to them. In any case, I do not see how the demurrers can be overruled.

The seventh plea alleges want of novelty, because the alleged invention had been previously patented, on certain specified dates, by other parties. The dates of the patents so pleaded are prior to the date of the patent in suit. Section 4920, Rev. St. U. S., provides for allegation and proof of a patent, or description in some printed publication, prior to the supposed invention or discovery. If this plea is held sufficient, and these patents pleaded really contain the invention in question, complainants must reply, alleging the real date of invention. This might be a better and fairer mode of pleading, but the real question is that pointed out by the statute,—whether the patents pleaded in defense antedate the supposed invention or discovery,—and I think the statute requires the defense to be so pleaded.

The motions to strike out the second and fourth pleas are denied. The demurrer to the third plea is overruled. The demurrers to the fifth, sixth, seventh, and ninth pleas are sustained, with leave, as to the seventh plea, to plead over within 20 days. The motion to require the plaintiffs to reply to the pleas is denied. Walk. Pat. § 478. If plaintiffs choose not to reply by denial or otherwise, they take upon themselves whatever risk may attend said refusal.