WALL et al. v. LECK.

(Circuit Court, S. D. California. April 9, 1894.)

No. 573.

1. PATENTS—NOVELTY AND INVENTION—PROCESS OF FUMIGATING PLANTS.

The discovery that the old process of fumigating plants and trees with hydrocyanic-acid gas, after covering them with an oiled tent, is more effective in the absence of the actinic rays of the sun, gives no right to secure a patent for the use of that process at night, or other times when the sun is not shining.

2. SAME.

The Wall, Jones & Bishop patent, No. 445,342, for a process of fumigating trees, is void for want of novelty and invention.

This was a suit by W. B. Wall and others against Henry Leck for infringement of letters patent No. 445,342, issued January 27, 1891, to W. B. Wall, M. S. Jones, and A. D. Bishop, for a process of fumigating trees and plants. Defendant demurred to the bill

W. F. Henning and H. T. Hazard, for plaintiffs.
Ray Billingsley, for defendant.

ROSS, District Judge. Complainants sue for an alleged infringement of certain letters patent, for an accounting of profits alleged to have been realized by the defendants thereby, and for an injunction against further infringement. The patent referred to in the bill, and which forms the basis of the suit, is for a process of fumigating trees and other plants. The specification of the application for the patent (Specifications and Drawings of Patents, U. S. Patent Office, Jan. 1891, pt. 2, p. 2179) declares, "It consists in fumigating the plant with hydrocyanic-acid gas in the absence of light." The specification proceeds to declare:

"Hydrocyanic-acid gas has heretofore been employed in fumigating trees, but it has not been considered practicable, for the reason that, if the gas were of sufficient strength to destroy the insects on the plant, it also injured the foliage and fruit. We have discovered that when the light is excluded the action of the gas is more effective in destroying insect life, and at the same time becomes harmless to plant life, unless used excessively. Our process differs from the ordinary process of fumigating with hydrocyanic-acid gas only in that we exclude the light. This may be done by means of the oiled tent or covering ordinarily used for such fumigation, provided the fumigation is done at night. If the work is done in the daytime the covering must be so colored as to exclude the actinic rays of light, but we do not believe it possible to produce satisfactory results with any colored tent in bright daylight. To illustrate our invention, we will explain its use in fumigating an orange or lemon tree of twelve feet in height. The tree is first enveloped with an oiled or painted canvas, in the ordinary way; such

canvas being impervious to the rays of light, and surrounding the tree. We then place in a vessel under the canvas three ounces of cyanide of potassium, then six ounces of water, and then pour into the vessel three ounces of sulphuric acid, and close the covering for a period of about fifteen minutes. The canvas is then removed. The vessel may be covered with a piece of sacking or other textile fabric after the sulphuric acid is poured into it. This will prevent the sprays from the decomposing chemicals from injuring the plant or canvas. It is obvious that hydrocyanic-acid gas may be produced by other chemicals than those mentioned; also, that the time and the amount of gas employed may be varied. We have secured good results by a fumigation lasting only five minutes."

Having thus described what the patentees state as their discovery, they declare that what they claim as new, and desire to secure by letters patent, is "the process set forth of fumigating plants with hydrocyanic-acid gas in the absence, substantially, of the actinic rays of light."

The specification, as has been seen, expressly recites the fact that the process of fumigating trees and plants with hydrocyanic-acid gas by means of an oiled tent or covering is old, and that the process for which they ask a patent differs from the ordinary process only in that the applicants "exclude the light." Yet no method of excluding the light is stated or claimed. On the contrary, they declare that it "may be done by means of the oiled tent or covering ordinarily used for such fumigation, provided the fumigation is done at night." Of course, night excludes the light. Everybody knows that. Nor is the night patentable. The ordinary tent or covering of the old process necessarily excludes to a greater or less degree—depending upon the thickness of the covering, and the extent to which it is colored—the actinic rays of light, which is that power of the sun's rays which changes the chemical nature of the mixture. So, also, will the clouds, to a greater or less degree, exclude such rays, depending upon the density of the clouds. And after the sun sets, and before it rises, they are entirely absent. The process, as described in the specification, in no manner depends upon the time it is used. It consists, as the specification expressly recites, of fumigating trees and plants with hydrocyanic-acid gas, by means of the oiled tent or other covering. Whether used by means of a thin or thick covering, heavily or lightly oiled, or not oiled at all, in bright daylight, or in the twilight, or at night, or in the early morning, it is all the time the same process, which the public is entitled to use, because it was old when the patentees applied for their patent. An old process does not become a new and patentable one by being used at night instead of in the daytime, or at any particular time, or in any particular state of the weather, or because better results are attained by its use at one time than another.

The court being of opinion that the patent is void for want of novelty and invention, and that, in view of its recitals, it is so plainly so that it cannot be aided by evidence, it should be so declared on demurrer, without subjecting the parties to the costs of producing proof. Blessing v. Copper Works, 34 Fed. 753; Engraving Co. v. Hoke, 30 Fed. 444. Demurrer sustained.