LAMSON CONSOLIDATED SERVICE CO. v. SIEGEL–COOPER CO. et al.

(Circuit Court, S. D. New York. January 3, 1901.)

1. PATENTS—INVENTION—STORE-SERVICE APPARATUS.

The McCarty patent, No. 325,618, for a store-service apparatus, claims 16 and 17, *held* void on demurrer to a bill for infringement for lack of invention apparent on their face.

2. SAME—JUDICIAL NOTICE OF PRIOR ART.

In determining the validity of a patent on demurrer to a bill for its infringement, the court may take judicial notice, as a part of the prior art, of a mode of suspending lamps in railroad cars and in hand lanterns, which has been long in common and public use.

In Equity. Suit for infringement of patent. On demurrer to bill.

M. B. Philipp, for complainant.

Albert H. Walker, for defendants.

WHEELER, District Judge. This suit is brought for alleged infringement "since the 18th day of March, 1890," of two claims of patent No. 325,618, dated September 1, 1885, and granted to Robert A. McCarty for a store-service apparatus. The claims are for:

"(16) In store-service apparatus, the combination, with a stretched wire way, of a wheeled carrier traveling thereon, and a receptacle suspended beneath the carrier, and removably held thereto by a depending ring, substantially as set forth. (17) In store-service apparatus, the combination, with a stretched wire way, of a wheeled carrier traveling thereon, a receptacle removably locked to such a carrier, and a spring cover for the receptacle, held permanently by the carrier, substantially as set forth."

The principal part of the patent relates to the propulsion of the carrier to and fro along the wire way. The manner of the suspension of the receptacle from the carrier has nothing to do with that operation, which would be the same however what was carried should be suspended. Removable suspension by a depending ring was, at the date of the patent, well known and familiar. It was publicly to be seen for lamps in railroad cars and other places. There does not seem to have been any room for any patentable invention about it, and this sixteenth claim appears now to be void on its face.

The seventeenth claim was held void for want of patentable novelty, in view of a lantern proved, in Rapid-Service Store R. Co. v. Taylor (C. C.) 43 Fed. 249. That case was decided in 1887, and the plaintiff there was a predecessor in title to the plaintiff here; but the defendants are different, and, of course, the decree is not conclusive as an estoppel. It is understood not to have been appealed from, however, and is a weighty authority here, so far as the cases are alike. Such lanterns, with lamps inserted, and held up by a common bayonet joint to a chimney held in place by a spring below the handle at the top, as the receptacle of this claim is, were in well-

known extensive use, and a part of the common knowledge of such things, long before this patent. The question as to the validity of the claim is the same, with reference to this common knowledge, as it would be if such a lantern was proved as an anticipation, and is the same as that decided there. That case, so long acquiesced in, is assented to and followed. Demurrer sustained.