SNOW v. SARGENT et al.

(Circuit Court, D. Connecticut. January 9, 1901.)

No. 1,045.

PATENTS—SUITS FOR INFRINGEMENT—PRACTICE.

A circuit court will not entertain a motion by defendant to dismiss a bill for infringement, filed before a hearing, and based on affidavits relating to matters of fact going to the validity of the patent or the question of infringement.

In Equity. Suit for infringement. On motion by defendant to dismiss.

Albert H. Walker, for complainant.

Beach & Fisher, for defendant.

TOWNSEND, District Judge. Upon this hearing defendant moves "that the bill of complaint in the above-entitled cause be dismissed out of this court, for want of equity, upon the accompanying affida-

vits, on the authority of Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 20 Sup. Ct. 708, 44 L. Ed. 856." The facts of said case material to the issue herein were as follows: The court of appeals in the Eighth circuit held that complainant was entitled to an injunction against infringement of a patented windmill. The circuit court in the Seventh circuit, following the opinion in the Eighth circuit, granted a preliminary injunction. On appeal the circuit court of appeals held that it was not bound to follow the opinion in the Eighth circuit; that defendant's affidavits showed the patent was anticipated; and it not only reversed the order for a preliminary injunction, but directed the bill to be dismissed. 32 C. C. A. 231, 89 Fed. 333. Thereupon the case was taken upon a writ of certiorari to the supreme court. Mr. Justice Brown, delivering the opinion of the court, said, inter alia:

"One of the principal questions pressed upon our attention related to the power of the court of appeals to order the dismissal of the bill before answer filed or proofs taken, upon appeal from an order granting a temporary injunction."

He then discusses the question, and says, as to "a case where a temporary injunction is granted pendente lite upon affidavits," as follows:

"If the patent manifestly fail to disclose a patentable novelty in the invention, we know of no reason why, to save a protracted litigation, the court may not order the bill to be dismissed. Ordinarily, if the case involve a question of fact, as of anticipation or infringement, we think the parties are entitled to put in their evidence in the manner prescribed by the rules of this court for taking testimony in equity causes. But if there be nothing in the affidavits tending to throw a doubt upon the existence or date of the anticipating devices, and giving them their proper effect, they establish the invalidity of the patent; or if no question be made regarding the identity of the alleged infringing device, and it appear clear that such device is not an infringement, and no suggestion be made of further proofs upon the subject, we think the court should not only overrule the order for the injunction, but dismiss the bill." Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 494, 495, 20 Sup. Ct. 712, 44 L. Ed. 856.

Counsel for defendant contend that under this decision this court should order the dismissal of the bill in the present case. They have filed a number of expert and other affidavits, comprising some 30 pages of matter, discussing 6 patents and 8 exhibits. A consideration thereof and of the exhaustive arguments of counsel has satisfied me that the questions of validity and infringement herein are too close and complicated to be disposed of on affidavits. If it had not been for the knowledge acquired by the writer in previous litigations concerning similar devices, it would have been impracticable on such hearing to satisfactorily determine the bearing of the prior art on the invention in suit. Therefore, even if the doctrine of Mast, Foos & Co. might otherwise be applied in this class of cases, this one "involves a question of fact, * * *" where "the parties are entitled to put in their evidence in the manner prescribed," etc. Mast, Foos & Co. v. Stover Mfg. Co., supra. But inasmuch as the exhaustive brief of counsel for defendant raises a novel question of practice, and urges a radical departure from the existing practice, it has seemed desirable that the court should state its views thereon.

It is doubtful whether a circuit court has power, under the decision in Mast, Foos & Co., to direct a dismissal of the bill. But, even if it has such power, the further question arises whether the court, in its discretion, should inaugurate such a practice. Counsel for defendant strenuously contends that the interest of the public and of the courts would be subserved thereby, inasmuch as it would relieve the parties from the necessity of introducing evidence, and the court from the burden of the final hearing of the case. It is not clear that such a course would promote justice or relieve the court. It is noticeable in this connection that the legislative branch of the government has recently indicated its disapproval of the practice of disposing of cases on affidavits by taking away the right of appeal from an unsuccessful complainant on a petition for a preliminary injunction. The opinion and decision in the Mast, Foos & Co. Case, if confined to the questions therein raised and disposed of, still leave to each party the right before final hearing to cross-examine the opposing witnesses. It is only when a complainant elects, by a prayer for a preliminary injunction based on affidavits, to waive such right, that he runs the risk of losing it. The supreme court could not have intended that in the absence of such waiver a party should be deprived of his legal right, under the presumption raised by the grant of a patent, to his day in court, and cross-examination, before a final decision of his case. If this court were to yield to the argument of defendant, and order a dismissal of the complaint, and the circuit court of appeals should hold that this was not a case to be disposed of on affidavits, the result would be to impose upon complainant a long and unjustifiable delay in the enforcement of his rights, and a second trial in one or both courts. Because a circuit court of appeals, being a court of last resort, and being satisfied that it had the whole case before it, might properly, as in the Mast, Foos & Co. Case, in the exercise of its discretion, finally close a controversy, it does not follow that the circuit court would be justified in such a course. In the present hapless condition of the luckless inventor, who finds the word of promise of his patent broken to the hope by reason of the existing barriers of law between him and a decree, it would not be expedient to so extend the doctrine of Mast, Foos & Co. as to pervert a discretion designed to lessen the burdens of litigation into a practice which would invite and encourage their increase. The motion is denied.