LAFFERTY MFG. CO. et al. v. ACME RY. SIGNAL & MFG. CO.

(Circuit Court of Appeals, Seventh Circuit.    April 11, 1905.)

No. 1,127.

PATENTS—INVENTION—RAILWAY TORPEDOES.

> The Bevington patent, No. 474,718, for a railway torpedo, is for a combination of elements all of which were old, and differs from prior structures only in the substitution of paper for tin or other metal as material for the dome-shaped cap, which does not constitute patentable invention, the only advantage shown being in the lessening of the cost.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

The bill is to restrain infringement of letters patent No. 474,718, issued May 10, 1892, to J. H. Bevington, for improvement in torpedoes. The torpedoes meant are the detonating class used on metal rails as signals that there is danger ahead. The decree of the Circuit Court held the patent to be good and valid; appellee to be the sole and exclusive owner thereof; and that defendant had infringed claims one to five, inclusive; enjoining the defendants from further infringement, and ordering an accounting. The claims held to be infringed are as follows:

"1. A torpedo embodying in its construction, and in combination, substantially as hereinbefore described, a base or bottom part and a cover or top part of paper or other analogous material secured to each other to form a hollow shell, and a composition, explosible by concussion, contained in said case of shell."

"2. A torpedo embodying in its construction, and in combination, substantially as hereinbefore described, a base or bottom part of metal and a cover or top part of paper secured to each other to form a hollow case or shell, and a composition contained in said shell, which is explosible by concussion."

"3. A torpedo embodying in its construction and in combination, substantially as hereinbefore described, a metallic base or bottom and a waterproofed

paper cover or top part secured to each other to form a containing-case for the explosive composition."

"4. A torpedo embodying in its construction, and in combination, substantially as hereinbefore described, a metallic base or bottom part, a water-proof cover or top part, and a lining or upper surface of water-proof paper, such as E, for the base part, all secured to each other to form a containing-case for the explosive composition.

"5. A torpedo embodying in its construction, and in combination, substantially as hereinbefore described, a metallic base or bottom part and a paper cover or top part secured to each other by an annular flange on the outer rim of said base part, which flange is turned over and onto the rim of the paper part to form a case or shell, and a composition explosible by concussion contained in said case or shell."

From this decree the appeal is prosecuted. Other patents cited are as follows:

No. 167,532, Sept. 7, 1875, F. Hickman.
No. 170,067, Nov. 16, 1875, H. J. Detwiller.
No. 257,761, May 9, 1882, J. H. Ridgway.
No. 279,992, June 26, 1883, A. R. Tiffany.
No. 375,254, Dec. 20, 1887, J. H. Bevington.
No. 441,830, Dec. 2, 1890, W. A. Dunlap.
No. 676,327, June 11, 1901, E. S. Lafferty.
British patent, No. 1,064, Mch. 21, 1873, to William E. Newlan.
The further facts are stated in the opinion.

Thomas F. Sheridan, for appellants.
De Witt C. Tanner, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

GROSSCUP, Circuit Judge (after stating the facts). Bevington's device is a shell or case having a base part of metal, circular in form, over which is laid, almost, but not quite, to its circumferential edge or rim, paper or some analogous fabric, light, soft and flexible. Over this is placed a dome of paper, preferably water proofed, whose edges join the edge of the paper lying over the metal base, the whole being secured together, after the explosive is inserted, by means of an annular flange formed of the outer rim of the metal base turned over upon the outer edge or rim of the paper constituting the cover and the base layer. The torpedo thus formed is held to the rail by a metal strap, the ends of which reach around the edges of the rail.

Railroad torpedoes of this general description admittedly are old. Of the elements of Bevington's torpedo, the holding strap, the explosive compound, the metal base, and the paper lying over the metal base, are old. [Heckman and Detwiler patents]. The dome shaped cap is old. Clamping flanges are old [Detwiler]. The new thing done by Bevington in the matter of the cap, was to substitute paper for tin or other metal. So that, whatever merit Bevington's patent has, is to be found in his substitution of paper for tin or other metal, as material for the dome shaped cap.

A mere substitution of one material for another, does not constitute invention. Florsheim v. Schilling, 137 U. S. 64, 11 Sup. Ct. 20, 34 L. Ed. 574; Gardner v. Herz, 118 U. S. 180, 6 Sup. Ct. 1027, 30 L. Ed. 158; Celluloid Mfg. Co. v. Tower (C. C.) 26 Fed. 451. The mere fact that the cost of the article to the public is thereby

cheapened does not give to the substitution of one material for another the quality of patentable invention.

Two claims are made, however, to take the substitution of one material for another here shown out of the general rule. The first is, that danger in the manufacture and use of the torpedo is thereby lessened; and the second, that the use of the paper cap, by putting paper against paper in the crimping process that makes the joint, results in the making of a better joint.

The first of these claims is the one insisted upon most strongly by counsel for appellee. But to our minds, it is a claim not proven. We are unable to see, in the absence of proof of actual injury, that the one form of torpedo is more dangerous than the other. In the use of each, danger seems to be at a minimum. And the proof of actual injury offered is wholly inconclusive and unsatisfactory.

The second claim is the one that seems to have determined the judgment of the Circuit Court. It does not appear to have been, consciously, in the mind of the inventor, for no advantage in that respect is pointed out in the letters patent. The truth is, that as an element of better joinery, the feature of paper against paper does not, to any considerable extent, seem to have been carried out in the Bevington patent. In that patent, in the crimping for a joint, the paper is not turned up. The contact of paper against paper is only over a little horizontal portion not affected by the crimping. It was not until appellants' torpedo came into the market that the paper itself was turned up in the crimping process, so as to bring paper against paper throughout the joint made. We do not feel at liberty, under the case here disclosed, to hold, that a joint that thus finally and adequately utilizes the advantage of crimping paper on paper, is anticipated by a previous joint in which the contact was but partial and inadequate, and, so far as we can see, without any conscious design.

The decree of the Circuit Court will be Reversed, and the cause remanded with instructions to the Circuit Court to dismiss the bill for want of equity.