LAFFERTY MFG. CO. et al. v. ACME RY., SIGNAL & MFG. CO.

(Circuit Court of Appeals, Seventh Circuit.    January 2, 1906.)

No. 1,127.

1. EQUITY—BILL OF REVIEW—LEAVE TO FILE.

Leave to apply to the Circuit Court for permission to file a supplemental bill in the nature of a bill of review for the purpose of introducing newly discovered evidence will not be granted by the Circuit Court of Appeals after it has determined the cause on appeal, unless the newly discovered evidence offered, had it been in the original record, would have probably changed the conclusion to which the court came and the decree entered thereon.

[Ed. Note. —For cases in point, see vol. 19, Cent. Dig. Equity, §§ 1091–1094.]

2. SAME—NEWLY DISCOVERED EVIDENCE.

The Circuit Court of Appeals will not grant leave to apply to a Circuit Court for permission to file a supplemental bill in the nature of a bill of review to bring forward newly discovered evidence where the proofs show that such evidence was in existence and accessible prior to the original hearing in the cause, and that the probable reason why it was not produced is that it was not deemed material by counsel.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

On petition of appellee for leave to apply to the Circuit Court for permission to file a supplemental bill, in the nature of a bill of review, for the purpose of introducing newly discovered evidence, the court, at its April session, 1905, announced the following rule:  That such leave will be denied, unless the newly discovered evidence offered, had it been in the original record, would have probably changed the conclusion to which the court came, and the decree entered thereon.  The hearing on the petition was continued until the October session.

A. S. Pattison and Edward Rector, for the motion.

Thomas F. Sheridan, opposed.

Before GROSSCUP and BAKER, Circuit Judges.

GROSSCUP, Circuit Judge.    In the opinion handed down in this case (138 Fed. 729) it was said:

"A mere substitution of one material for another, does not constitute invention.  Florsheim v. Schilling, 137 U. S. 64, 11 Sup. Ct. 20, 34 L. Ed. 574; Gardner v. Herz, 118 U. S. 180, 6 Sup. Ct. 1027, 30 L. Ed. 158;  Celluloid Mfg. Co. v. Tower, 26 Fed. 451.  The mere fact that the cost of the article to the public is thereby cheapened does not give, to the substitution of one material for another, the quality of patentable invention.

"Two claims are made, however, to take the substitution of one material for another here shown, out of the general rule.  The first is, that danger in the manufacture and use of the torpedo is thereby lessened; and the second, that the use of the paper cap, by putting paper against paper in the crimping process that makes the joint, results in the making of a better joint.

"The first of these claims is the one insisted upon most strongly by counsel for appellee.  But to our minds, it is a claim not proven.  We are unable to see, in the absence of proof of actual injury, that the one form of torpedo is more dangerous than the other.  In the use of each, danger seems to be at a minimum.  And the proof of actual injury offered is wholly inconclusive and unsatisfactory."

Counsel now bring to our attention affidavits tending to show that in the explosion of the old tin top torpedo, pieces of the tin are liable to be thrown about; that board fences along the Baltimore & Ohio Railroad show fragments of such torpedos imbedded in the wood; and that certain persons named in the affidavits, and giving affidavits, have been injured by such torpedos when in the vicinity of their explosion.

The patent sued upon was granted May 10th, 1892; the bill of complaint filed Oct. 7th, 1903; the hearing at Circuit June 27th, 1904; and the hearing on appeal Feb. 3rd, 1905. It is not shown that these tight board fences, with their supposed record of flying tin were not in existence before the bill was filed, or the evidence taken; and nearly all the instances of actual injury to persons shown, occurred before the bill was filed. Indeed, had counsel for the patent realized the materiality or effect of evidence of this character, means to procure such evidence, so far as the affidavits before us disclose, were at all times fully within reach. The petition seems to us to be for leave to open up the case, not so much to introduce evidence newly discovered, as to introduce old evidence the materiality of which has been newly discovered.

The disturbance of a final judgment between given parties on such a ground, would be contrary to all the adjudged cases. It would destroy the finality of nearly every decree handed down. In the interest of social order and peace, except in extraordinary instances disclosing inequity that due diligence could not have forestalled, a final decree is to be left undisturbed as the final settlement of the rights of those who were parties to the suit determined.

The petition is overruled.