## DUPONT v. DENNISON MFG. CO.

(District Court, N. D. Illinois, E. D.  July 21, 1925.)

No. 4829.

1. Patents ⬅21—To make an old article of a cheaper material is not invention.

It does not involve invention to make an old article of material which has no other advantage than that the article may be made or sold cheaper.

2. Patents ⬅328—Dupont, 1,465,076, for garment protector, held invalid for want of invention.

The Dupont patent, No. 1,465,076, for garment protector, which differs from those in prior use only in that it is made of crêpe paper; the only advantage claimed being that it is inexpensive and may be discarded after once used.

3. Patents ⬅313—Infringement suit may be dismissed on motion, where patent is void on its face.

Where defendant in an infringement suit predicates its defense to a motion for preliminary injunction on a motion to dismiss for invalidity of the patent, if the patent is invalid on its face, the court may properly dismiss the bill.

In Equity. Suit by Jean G. Dupont against the Dennison Manufacturing Company. On motion by complainant for preliminary injunction, and motion by defendant to dismiss bill. Motion to dismiss granted.

A. Miller Belfield, of Chicago, Ill., for plaintiff.

Rector, Hibben, Davis & Macauley, of Chicago, Ill., and Odin Roberts, of Boston, Mass., for defendant.

CARPENTER, District Judge. On motion for preliminary injunction for patent infringement: This suit is brought by the plaintiff, based on United States patent No. 1,465,076, issued August 14, 1923, upon application filed June 13, 1921.

The defendant has moved to dismiss the bill because: (1) The patent is void on its face for lack of patentable novelty and invention; (2) it is void in view of the patented prior art concerning which there can be no dispute; and (3) it is void because Stocking, and not the plaintiff, was the original inventor, this fact being established by conclusive and uncontradicted evidence. In support of its motion to dismiss the defendant attached several patents in the prior art, and also by affidavit insisted that Stocking was the original inventor.

The plaintiff has not disputed the existence of the prior art patents, nor denied the affidavit with reference to Stocking's connection with the invention. The plaintiff's patent in its specifications declares:

"The invention relates to garment protectors. The object of the invention is to provide protectors for portions of garments which are likely to carry infection, and which are so inexpensive that they may be advantageously used once and then discarded. It is now the custom, in stores where garments are sold, to permit the prospective purchaser to try them on to determine whether they fit. In many instances, when a garment is tried on a number of times without being purchased, the under-arm or crotch portions of the garments become soiled from the try-ons, and as a result the garments must be sold as soiled goods at reduced prices, and, furthermore, those portions are likely to carry infection from the persons trying them on to the ultimate purchaser. In protectors for the under-arm portions of dresses heretofore used, the cost of furnishing and renewing them for each try-on was too high to justify their use. The primary object of the present invention is to provide a protector which is made of paper or similar cheap material, and which can be readily attached in place and removed, and which is so inexpensive that a fresh protector may be used for every person trying on a garment. This object is attained by providing a protector of inexpensive material, such as paper, with suitable means for temporarily attaching it to the arm or other portions of garments which are likely to become soiled or to carry infection."

The sole claim of the patent is:

"As a new article of manufacture, a garment protector formed of crêpe paper, and comprising sides connected together at one margin and formed to fit over and cover a portion of the garment to be protected from contact with the person."

The patent shows a dress shield of the form and structure which has been made for many years, namely, two crescent-shaped leaves or sides, joined together at their concave margins, one leaf adapted to be disposed against the arm pit and the other to extend along the arm of the wearer. Dress shields of this form and structure were not invented by this plaintiff. The court takes judicial notice that shields of this form are old.

The outstanding question, therefore, is whether it involved patentable novelty, and could be made the basis of invention, to make the old and conventional dress shield out of crêpe paper. A casual reading of the specifi-

cations demonstrates that the claimed invention consists solely in making an old device (the old dress shield) out of crêpe paper. The beneficial result claimed is that, being made of paper, the shield thereby may be made so cheaply that it can be used once and thrown away. The sole spark of genius that the inventor had was the idea of cheapness, resulting from the use of crêpe paper over the old cloth or rubber shield.

It is obvious that the patented crêpe paper shield performs no function not performed by the older cloth and rubber shields, and there is nothing to prevent the older devices from being used once and thrown away, if the purchaser so desires and can afford it.

[1] On the question of cheapness of production, which seems to be the crux of this case, the law is settled that (1) to make an article out of a new material is not invention, unless some function not inherent in the material itself results from such making; and (2) that it does not involve invention to make an old article of a material which has no other advantage than to permit it to be made or sold cheaper. Lafferty Mfg. Co. v. Acme Ry. Signal & Mfg. Co. (C. C. A.) 138 F. 729; Hotchkiss v. Greenwood, 11 How. 248, 13 L. Ed. 683; Florsheim v. Schilling, 137 U. S. 64, 11 S. Ct. 20, 34 L. Ed. 574; Cover v. American Thermo-Ware Co. (C. C.) 188 F. 670; Marshall v. Pettingill-Andrews Co. (C. C.) 153 F. 579. The citations on this proposition might be multiplied.

[2] It is very clear to the court that the patent does not disclose any new result from the use of crêpe paper which was not inherent in the paper itself, and that it is not invention to make an old article out of material which has nothing over the prior art, other than to permit it to be made or sold cheaply.

The court must take judicial notice of the crêpe paper hats, crêpe paper vests, crêpe paper napkins, and crêpe paper towels, most of which are consumed in the using and thrown away, recommended solely by their cheapness. Blotting paper is old, but the plaintiff could scarcely claim invention for making dress shields out of blotting paper, although it has the requisite absorbent qualities and they might be manufactured at a minimum cost.

The court is of the opinion that the patent is invalid upon its face, showing nothing but the making of the old conventional dress shield out of a different material, so that it can be sold cheaply and used once and thrown away, like a paper towel, or paper napkin, or paper vest, or paper hat. It is therefore unnecessary to discuss the prior art and the affidavits with reference to Stocking.

[3] As to the procedure: Where a defendant, on a motion for a preliminary injunction in a patent case, predicates his defense upon a motion to dismiss the bill for want of patentable novelty and invention, "if the bill be obviously devoid of equity upon its face, and such invalidity be incapable of remedy by amendment, or if the patent manifestly fails to disclose a patentable novelty in the invention, we know of no reason why, to save a protracted litigation, the court may not order the bill to be dismissed." Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 20 S. Ct. 708, 44 L. Ed. 856.

The bill should therefore be dismissed, at plaintiff's costs; and it is so ordered.