GATCH WIRE GOODS CO. v. W. A. LAID-LAW WIRE CO. et al.

No. 6892.

Circuit Court of Appeals, Seventh Circuit.
Dec. 11, 1939.

E. D. McLaughlin, of Peoria, Ill., Clarence F. Poole, of Chicago, Ill., and Robert Watson, of Washington, D. C., for appellant.

Burnett M. Chiperfield, of Canton, Ill., and Robert J. Clendenin and Theodore C. Baer, both of Peoria, Ill., for appellees.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

This appeal assails the decree which dismissed a patent infringement suit on the ground that the patent on its face did not disclose patentable invention and was in-valid. The patent covers an improvement in a fly swatter, the improvement consisting in the use of a rubberized fabric frame.

The decree having been entered on a motion to dismiss, no evidence was introduced. Attached however to the defendant's motion to dismiss the amended complaint was an affidavit of its president, and a certified copy of a prior patent to defendant Wasson, No. 1,939,838. Plaintiff made profert of the patent in suit, No. 2,068,211, to Wasson. Also attached to defendant's affidavit was the file wrapper of the instant patent. .

Co-defendant Wasson was the inventor of the fly swatter covered by the patent. He made the discovery while in the employ of plaintiff, and executed an assignment of his discovery to plaintiff, who recorded it. To plaintiff was issued the patent.

Plaintiff asserts an estoppel to challenge the validity of the patent against both defendants. Estoppel against Wasson is based on his application for the patent in suit and the assignment by him of his application to plaintiff. As against the defendant Wire Company, asserted estoppel is based on the relation of Wasson and the Wire Company which made the infringing swatter.

The District Court filed a careful, able, and informative opinion wherein it discussed both the propriety of attaching patents as exhibits to a motion to dismiss, and the dismissing of a patent suit because the patent was void on its face, for want of invention. The court considered the differences between the fly swatter covered by the instant patent, and the fly swatter disclosed in the prior patent to Wasson, and concluded that the changes were mere substitution of materials, and the substituted material was old and well known and its quality of durability widely recognized. In other words, it took judicial notice of the prior art, and properties of rubberized materials.

Want of invention so apparent on the face of the patent as to demand the court's dismissal of a complaint based thereon, even before an answer or hearing on the merits, has on many occasions provoked discussion by courts, with the conclusion that the court's inclination to hold the patent so lacking in invention is generally overcome by the presumption of validity which attends the issuance of every patent. The predominating conclusion seems to be against dismissal, save in unusual cases,

without opportunity for a hearing on the merits.[1]

However, as early as 1875, the Court, in the case of Brown v. Piper, 91 U.S. 37, 44, 23 L.Ed. 200, held a patent for preserving articles in a closed chamber surrounded by freezing mixture, to be "void on its face and that the court might have stopped short at that instrument and, without looking beyond it into the answers and testimony, *sua sponte,* * * * have adjudged in favor of the defendant."

Again, in Terhune v. Phillips, 99 U.S. 592, 593, 25 L.Ed. 293, in passing upon a patent for a metallic corner for showcases, the court said:

"We cannot fail to take judicial notice that the thing patented was known and in general use long before the issuing of the patent. The substitution of metal for wood was destitute both of patentable invention and utility."

While this court has upheld a dismissal of a patent suit because the patent was void on its face (Damrow Bros. Co. v. Stoelting Bros. Co., 7 Cir., 295 F. 492; De Vry Corp. v. Acme Motion Picture Co., 7 Cir., 262 F. 970; Lange v. McGuin, 7 Cir., 177 F. 219),

the views expressed by Judge Alschuler for the court in Wright v. Wisconsin Lime Co., 7 Cir., 239 F. 534, 535, seem to point to the safe and sane course to be followed where the motion to dismiss necessitates the overthrow of the presumption of validity which arose from the grant of a patent. In that case the court said:

" 'Of course, every bill is written against the background of common knowledge; and in that view a demurrer may be said to invite the chancellor to take judicial notice of the background. But if a bill, in and by its own averments, states a prima facie case, that case cannot properly be overthrown by the chancellor merely on the ground that he judicially knows of facts that would support an answer. His judicial knowledge must go farther, and be so broad and all-embracing that he can properly hold that no facts exist that would tend to controvert the supposed answer and support a replication and the bill. This is so because, if such facts exist, the complainant is entitled to a hearing where he can present and argue the facts, and such a hearing cannot be had on demurrer to the bill.' * * *

[1] Cases in which the courts have passed upon dismissal or refusal to dismiss patent suits without hearing, because it was apparent on the face of the patent that it lacked invention: Richards v. Chase Elevator Co., 158 U.S. 299, 15 S.Ct. 831, 39 L.Ed. 991; Risdon Locomotive Works v. Medart, 158 U.S. 68, 15 S.Ct. 745, 39 L.Ed. 899 (Court held the demurrer for lack of invention should have been sustained.); United States Credit System Co. v. Indemnity Co., C.C.Ill., 51 F. 751; Wall v. Leck, C.C., 61 F. 291; Covert v. Travers Bros. Co., C.C., 70 F. 788; Lamson Consol. Service Co. v. Siegel-Cooper Co., C.C., 106 F. 734; Baker v. Duncombe Mfg. Co., 8 Cir., 146 F. 744; Gray v. Texas Co., 8 Cir., 75 F.2d 606; Friend v. Burnham & Morrill Co., 1 Cir., 55 F.2d 150; Standard Oil Co. v. So. Pac. Co., C.C., 42 F. 295; Beer v. Wallbridge, 2 Cir., 100 F. 465; Electric Vehicle Co. v. Winton Motor Carriage Co., C.C., 104 F. 814; Neidich v. Fosbenner, C.C., 108 F. 266; Chinnock v. Paterson, etc., Co., 3 Cir., 112 F. 531; Drake Castle Pressed Steel Lug Co. v. Brownell & Co., 6 Cir., 123 F. 86; Merrimac Mattress Co. v. Schlesinger, C.C., 124 F. 237; Southern Plow Co. v. Atlantic Agr. Works, C.C., 165 F. 214; Dick v. Supply Co., C.C., 25 F. 105; Bottle Seal Co. v. De La Vergne Co., C.C., 47 F. 59; Brickill v. Hartford, C.C., 57 F. 216; Drainage Const. Co. v. Englewood Sewer Co., C.C., 67 F. 141; Keystone Roofing Co. v. Scutan, D.C., 46 F.2d 351; Frank v. Western Electric Co., 2 Cir., 24 F.2d 642; Deitel v. La Minuette Trading Co., 2 Cir., 37 F.2d 41; American Safety Device Co. v. Liebel-Binney Const. Co., 3 Cir., 243 F. 575; DuPont v. Dennison Mfg. Co., D.C., 18 F.2d 317; Coca-Cola Co. v. Whistle Co., D.C., 20 F.2d 261; Coffield v. Sunny Line Appliance, 6 Cir., 297 F. 609; Dubilier Condenser Corp. v. New York Coil Co., 2 Cir., 20 F.2d 723; Stromberg Motor Devices Co. v. Holley Bros. Co., D.C., 260 F. 220; Scott & Williams v. Aristo Hosiery Co., D.C., 266 F. 382; Bonnie-B Co. v. Giguet, D.C., 269 F. 272; Snow v. Sargent, C.C., 106 F. 230; American Bank Protection Co. v. City Nat. Bank, C.C., 181 F. 375; Wills v. Scranton Cold Storage Co., 3 Cir., 153 F. 181; Lange v. McGuin, 7 Cir., 177 F. 219; Krell Auto Piano Co. v. Story & Clark Co., 7 Cir., 207 F. 946; Wright v. Wis. Lime & Cement Co., 7 Cir., 239 F. 534; De Vry Corp. v. Acme Motion Pictures Co., 7 Cir., 262 U.S. 970; Thomas v. St. Louis Ry. Co., 6 Cir., 149 F. 753; Hogan v. Westmoreland Spec. Co., C.C., 145 F. 199; Patent Button Co. v. Consolidated Fastener, C.C., 84 F. 189; Bronk v. Scott Co., 7 Cir., 211 F. 338.

"To sustain the motion to dismiss, the court must take judicial notice, either that before the alleged invention of Wright particles of baked earthy material of predetermined color, applied as described and claimed in the invention, were used or known in the roofing material art, or that in the employment of such particles after the manner of the patent there is merely the substitution of one for another of old well-known materials, whereby invention is not involved.

"The court judicially knows that long before Wright there were roofs, and that various roof surfacings were made by compounding different materials; and it likewise knows that baked earthy materials are among the earliest of manufactures, more ancient indeed than recorded history itself, and that such baked materials are very lasting, and are generally of permanent and uniform color throughout. But does the court judicially know that granular particles of such materials were in use for surfacing composition roofing prior to Wright's invention?

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

"Perhaps some judges, like some others in various professions and occupations aside from this particular art, may have had occasion for observation, bringing to them special knowledge on the subject not possessed by persons generally. But this would fall short of that general and widespread knowledge of a fact or condition which would warrant a court, without proof, in taking judicial notice of it. \* \*

"Conceding that gravel and such substances were in well-known and general prior use for such purpose, and, of course, that brick is old, can it be judicially said that in thus surfacing the roofing sheets with coarse baked earthly particles as provided in the patent a novel and useful result has not been achieved, and that therein invention is in no event involved? The Patent Office presumably found novelty and utility in Wright's invention, and the presumption of the validity of the patent which it granted may not lightly be set at naught.

"We deem it within the range of possible conception that there may be extant evidence which might bring this patent within the class of cases of which Westmoreland Specialty Co. v. Hogan [3 Cir.], 167 F. 327, is typical. There a patent was upheld for a celluloid cap for salt shakers because it appeared from the evidence that by the substitution of celluloid for metal as theretofore used a distinctly novel and beneficial result was achieved involving invention, even though such result or possibility was not pointed out in the patent, and at the time of the grant was unknown to the patentee. \* \* \*

"The decree of the district court is reversed, and the cause remanded, with direction to deny the motion to dismiss the bill."

See also Lange v. McGuin et al., 7 Cir., 177 F. 219, and Krell Auto Piano Co. v. Story & Clark Co., 7 Cir., 207 F. 946.

The recent decision of the court in Mumm v. Decker & Sons, 301 U.S. 168, 57 S.Ct. 675, 676, 81 L.Ed. 983, while not denying the court's right to dismiss a suit based upon a patent alleged to be void on its face, limits somewhat the field of operation of such practice. There, the court commenting on a matter of pleading, said:

"\* \* \* In a suit for infringement of a patent it is not a part of the plaintiff's case to negative prior publication or prior use or the other matters to which R. S. §§ 4886 and 4887 [35 U.S.C.A. §§ 31, 32] refer. These are matters of affirmative defense. As this court said in Cantrell v. Wallick, 117 U.S. 689, 695, 696, 6 S.Ct. 970, 974, 29 L.Ed. 1017: 'For the grant of letters patent is prima facie evidence that the patentee is the first inventor of the device described in the letters patent, and of its novelty. Smith v. Goodyear Dental Vulcanite Co., 93 U.S. 486 (23 L.Ed. 952); Lehnbeuter v. Holthaus, 105 U.S. 94 (26 L.Ed. 939).' The issue of the patent is enough to show, until the contrary appears, that all the conditions under which a discovery is patentable in accordance with the statutes have been met. Hence, the burden of proving want of novelty is upon him who avers it. Walker on Patents, § 116. Not only is the burden to make good this defense upon the party setting it up, but his burden is a heavy one, as it has been held that 'every reasonable doubt should be resolved against him.' Id., Cantrell v. Wallick, supra; Coffin v. Ogden, 18 Wall. 120, 124, 21 L.Ed. 821; The Barbed Wire Patent, 143 U.S. 275, 284, 285, 12 S.Ct. 443, 36 L.Ed. 154; Adamson v. Gilliland, 242 U.S. 350, 353, 37 S.Ct. 169, 61 L.Ed. 356."

If the burden on the defendant to overthrow the presumption of validity "is a heavy one," it follows that courts should be slow to hold any patent which has been duly issued, void on its face.

Counsel are unable to agree not only as to the permissive use of the patent referred to in this complaint, but also of the use of the Patent Office's file wrapper. Defendants contend that we should take notice of the contents of the file wrapper on this motion to dismiss while the plaintiff argues that the party who relies on a file wrapper must prove it.

We are satisfied that the court (on motion to dismiss a complaint) can not take judicial notice of the contents of a file wrapper. Neither is it before the court because a part of the proceedings which led up to the issuance of the patent. The party who desires to use it must prove it. Bronk v. Scott Co., 7 Cir., 211 F. 338, 340.

Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, lends support to a practice which denies motions to dismiss suits on patents duly issued because void on their face. Either party may apply for judgment as to all or for part of the issues at almost any time after suit is begun and before trial is ended. The plaintiff's action must await the service of the defendant's answer. Such motions for judgment may be heard on affidavits. Such a practice lessens the need of motions to dismiss although it probably does not eliminate the practice. The desire of the court to expedite the disposition of a patent case where the court is convinced that the patent is an exceedingly weak one, may be accomplished without doing violence to the aforesaid presumption of validity.

Plaintiff advances an added ground for opposing the motion to dismiss its complaint, namely, estoppel. As against the defendant Wasson who was the inventor, and who assigned the application for the patent to it, attention is called to Foltz Smokeless Furnace Co. v. Eureka Smokeless Co., 7 Cir., 256 F. 847; Libbey Glass Co. v. Albert Pick Co., 7 Cir., 63 F.2d 469; Westinghouse Electric & Mfg. Co. v. Formica Insulation Co., 266 U.S. 342, 45 S.Ct. 117, 69 L.Ed. 316, to support its contention that this defense of estoppel is complete and conclusive. As against the Wire Company, it asserts a fact issue over its alleged estoppel which can only be disposed of after hearing the evidence.

While in no way expressing any opinion as to the scope of validity of the patent, we are persuaded that the issues of validity and defendants' estoppel can not on this motion to dismiss be resolved against the plaintiff.

The decree is reversed, with directions to proceed further in accordance with this opinion.