JUNIPER MILLS, Inc., v. J. W. LANDENBERGER & CO.

Civil Action No. 5986.

District Court, E. D. Pennsylvania.

Jan. 7, 1947.

464

Louis Necho, of Philadelphia, Pa., for plaintiff.

Kennard N. Ware and Howson & Howson, all of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The plaintiff, in a declaratory judgment action, is seeking an adjudication that U. S. Patent No. 2,038,844, April 28, 1936, to Le Dorf is invalid. The plaintiff's motion is supported by a stipulation which brings before the Court the Cole Patent No. 149,993 of 1874 and certain drawings showing, among other things, the structure made by the plaintiff, charged to infringe. It was also stipulated that the file wrapper of the Le Dorf patent should be made part of the record for the purposes of this motion.

■ A consideration of the foregoing evidence leaves no doubt whatever in my mind that the Le Dorf patent is invalid for want of patentable novelty over Cole, and I see no reason why summary judgment should not be entered to that effect.

The claims of Le Dorf read literally on the structure disclosed by the Cole patent except that they do not call for the two small fashioning slots of the earlier patent. The omission of these slots, which are merely devices in general use for shaping close fitting articles of wear and which have no part in the function of the completed article, is obviously not an inventive step and, in fact, is not claimed by the defendant to be one.

Nor can it be argued that the two devices are not in the same field serving substantially the same purpose. There have been some cases in which invention has been found to subsist in appropriating an old device to a totally new use. The defendant's argument on this point is that the Cole innersole slipper is intended to be worn over a stocking, while the object of the Le Dorf device is to allow shoes to be comfortably worn without stockings. This argument, even if it had any basis of fact (which it has not), would not substantially differentiate the functions of the two. Actually, there is nothing in either of the patents to support it. The specification of the Cole patent states that the article is cut so as to "allow a shoe to be easily worn," but there is no suggestion that its use is restricted to wearing it over a stocking, and the Le Dorf specification expressly states that it may be worn without a stocking or "may supplement the stocking."

■ The defendant's main argument really comes down to the proposition that the presumption of validity arising from the grant of the patent is of itself sufficient to raise a genuine issue as to a material fact and prevent entry of judgment under Federal Rules of Civil Procedure, rule 56(c), 28 U.S.C.A. following section 723c. I am not aware of any decision exactly in point, but that the defendant's position in this regard is not maintainable is shown by the long list of cases in which patents have been held invalid on demurrer. Authority upon the point is plentiful and reference need only be had to Friend v. Burnham & Morrill Co., 1 Cir., 55 F.2d 150, where the cases are collected. In a motion for summary judgment, supported by affidavits which bring the prior art before the Court, the position of the party attacking the validity of the patent is much stronger than it would be on a demurrer where the only thing which stands

against the presumption is the manifest invalidity of the patent itself.

In Gatch Wire Goods Co. v. W. A. Laidlaw, Wire Co., 7 Cir., 108 F.2d 433, 436, the Court held that the suit could not be dismissed on the ground that the patent on its face did not show patentable invention, pointing out that on such motion the Court had no right to consider prior art, but the Court suggested that the motion for summary judgment provided for by Rule 56 "lends support to a practice which denies motions to dismiss suits on patents duly issued because void on their face. Either party may apply for judgment as to all or for part of the issues at almost any time after suit is begun and before trial is ended. The plaintiff's action must await the service of the defendant's answer. Such motions for judgment may be heard on affidavits. Such a practice lessens the need of motions to dismiss although it probably does not eliminate the practice. The desire of the court to expedite the disposition of a patent case where the court is convinced that the patent is an exceedingly weak one, may be accomplished without doing violence to the aforesaid presumption of validity."

Of course, the presumption of validity gains strength when, as in this case, the prior art relied on to establish invalidity has been before the patent examiner, but it is still only a presumption, not conclusive but rebuttable, and not creating any genuine issue of fact when clearly rebutted by the undisputed facts before the Court.

In the present case the defendant could have presented, by affidavit, any of the various matters which it now suggests might, upon a trial, make invention a genuine issue of fact. I doubt that any of them would have been sufficient in view of the almost complete anticipation by Cole but, if the patent had met with extraordinary commercial success, the defendant could have shown that fact by affidavit. Expert opinion is often resorted to in patent cases to convince the Court that a patent is something other than it plainly appears to be but, if there are any factors in the present patents on which such an opinion could be based, they too could have been presented by affidavit.

In the third circuit, in American Safety Device Co. v. Liebel-Binney Const. Co., 3 Cir., 243 F. 575, 576, Judge Woolley said: "If the patent is manifestly invalid on its face, the court may stop short at the instrument and dismiss the bill (Brown v. Piper, 91 U.S. 37, 44, 23 L.Ed. 200), even when the question of validity is not raised by the pleadings (Slawson v. Grand Street, P. P. & F. R. Co., 107 U.S. 649, 2 S.Ct. 663, 27 L.Ed. 576). This is very considerable power, hence courts of this circuit have been careful to heed the admonition, that in its exercise a court should declare a patent invalid upon its face only where the matter is free from doubt and where invalidity so clearly appears that no testimony can change its legal aspect." This, I think, states the situation in the present case.

Summary judgment for the plaintiff may be entered.